MICHAEL J. HADDAD (State Bar No. 189114)
JULIA SHERWIN (State Bar No. 189268)
T. KENNEDY HELM (State Bar No. 282319)
HADDAD & SHERWIN LLP
505 Seventeenth Street
Oakland, California 94612
Telephone: (510) 452-5500
Fax: (510) 452-5510

Attorneys for Plaintiff
RICHARD EARL MAY, JR.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD EARL MAY, JR., Individually, <br><br> Plaintiff, <br><br> vs. <br><br> SAN MATEO COUNTY, a public entity, SAN MATEO COUNTY SHERIFF GREG MUNKS, in his individual and official capacities, DEPUTY JOHN SANCHEZ, DEPUTY CHRIS LAUGHLIN, DEPUTY ERIC MICHEL, and DOES 1 through 10, individually, Jointly and Severally, <br><br> Defendants. | No.: <br><br> **COMPLAINT FOR DAMAGES, DECLARATORY, AND INJUNCTIVE RELIEF, AND DEMAND FOR JURY TRIAL** |

COMPLAINT AND JURY DEMAND

Plaintiff, by and through his attorneys, HADDAD & SHERWIN LLP, for his Complaint against Defendants, states as follows:

**JURISDICTION**

1. This is a civil rights action arising from Defendants' unreasonable seizure of, and use of excessive force against, Plaintiff RICHARD EARL MAY, JR. ("MAY"), on or about January 1, 2015 in Half Moon Bay, San Mateo County, California. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth Amendment to the United States Constitution. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343(a)(3) and (4), and the aforementioned statutory and constitutional provisions. The amount in controversy herein, excluding interest and costs, exceeds the minimum jurisdictional limit of this Court. Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide claims arising under state law.

**INTRADISTRICT ASSIGNMENT**

2. A substantial part of the events and/or omissions complained of herein occurred in the City of Half Moon Bay, San Mateo County, California, and this action is properly assigned to the San Francisco or Oakland Divisions of the United States District Court for the Northern District of California.

**PARTIES AND PROCEDURE**

3. Plaintiff RICHARD EARL MAY, JR. is, and at all material times was, a resident of the State of California.

4. Defendant SAN MATEO COUNTY ("COUNTY") is a public entity and municipal corporation, duly organized and existing under the laws and Constitution of the State of California. Under its authority, the COUNTY owns, operates, manages, directs, and controls the

SAN MATEO COUNTY SHERIFF'S OFFICE ("SMCSO"), which employs and/or is responsible for the other defendants in this action.  Pursuant to California Government Code § 815.2, the COUNTY is vicariously liable for the state law torts of its employees and agents, including the individual Defendants herein.

5. Defendant SHERIFF GREG MUNKS ("MUNKS") at all times was employed by Defendant COUNTY as Sheriff, and he was acting within the course and scope of that employment.  As Sheriff, Defendant MUNKS was a policy making official for Defendant COUNTY with the power to make official and final policy for the SMCSO.  Defendant MUNKS is being sued in his individual and official capacities.

6. Defendant DEPUTY JOHN SANCHEZ ("SANCHEZ") at all material times was employed as a Sheriff's Deputy by Defendant COUNTY, and he was acting within the course and scope of that employment.

7. Defendant DEPUTY CHRIS LAUGHLIN ("LAUGHLIN") at all material times was employed as a Sheriff's Deputy by Defendant COUNTY, and he was acting within the course and scope of that employment.

8. Defendant DEPUTY ERIC MICHEL ("MICHEL") at all material times was employed as a Sheriff's Deputy by Defendant COUNTY, and he was acting within the course and scope of that employment.

9. The true names and capacities of Defendants sued herein as DOES 1–10 ("DOE Defendants") are unknown to Plaintiff MAY, who therefore sues said Defendants by such fictitious names, and Plaintiff MAY will seek leave to amend his Complaint to show their true names and capacities when the same are ascertained.  Each DOE Defendant was an

employee/agent of the COUNTY and the SMCSO, and at all material times acted within the course and scope of that relationship.

10. Plaintiff MAY is informed and believes, and thereon alleges, that each of the Defendants sued herein was negligently, wrongfully, and otherwise responsible in some manner for the events and happenings as hereinafter described, and proximately caused injuries and damages to Plaintiff MAY. Further, one or more DOE Defendants was at all material times responsible for the hiring, training, supervision, and discipline of Defendants SANCHEZ, LAUGHLIN, MICHEL, and other DOE Defendants.

11. Plaintiff MAY is informed and believes, and thereon alleges, that each of the Defendants was at all material times an agent, servant, employee, partner, joint venturer, co-conspirator, and/or alter ego of the remaining Defendants, and in doing the things herein alleged, was acting within the course and scope of that relationship. Plaintiff MAY is further informed and believes, and thereon alleges, that each of the Defendants herein gave consent, aid, and assistance to each of the remaining Defendants, and ratified and/or authorized the acts or omissions of each Defendant as alleged herein, except as may be hereinafter otherwise specifically alleged.

12. At all material times, each Defendant was jointly engaged in tortious activity, and was an integral participant to the events and violations of rights described herein, resulting in the deprivation of Plaintiff MAY's constitutional rights and other harm.

13. The acts and omissions of all Defendants as set forth herein were, at all material times, pursuant to the actual customs, policies, practices, and procedures of the COUNTY and/or the SMCSO.

14. At all material times, each Defendant acted under color of the laws, statutes, ordinances, and regulations of the State of California and the COUNTY.

15. Plaintiff MAY timely and properly filed a government code claim pursuant to California Government Code § 910 et seq., and this action is timely filed within all applicable statutes of limitation.

16. This complaint may be pled in the alternative pursuant to Federal Rule of Civil Procedure 8(d)(2).

## GENERAL ALLEGATIONS

17. Plaintiff MAY realleges each and every paragraph in this complaint as if fully set forth here.

18. On or about January 1, 2015 in the city of Half Moon Bay, San Mateo County, California, at approximately 10:00 p.m., Plaintiff MAY was on the Mid-Peninsula Housing commercial construction site premises in the vicinity of 1 Bloom Lane helping a friend ("S") look for her cat, "Domino," who was trapped in a partially constructed building on the construction site. At the time of the incident, Plaintiff MAY was 62 years old, and "S" was 73 years old.

19. Before entering the construction site, Plaintiff MAY and "S" attempted to call the company responsible for security at the site by dialing the number posted on a sign on a fence around the site's perimeter. The number was incorrect, however, and instead connected with a medical supply company in Ohio. Fearing for the cat's safety, Plaintiff MAY entered the construction site with "S" to rescue Domino, which they could hear meowing from the building under construction.

20. Once Plaintiff MAY and "S" entered the construction site, "S" attempted to find a security guard who could help them. There was no security guard on site, however. Plaintiff MAY and "S" retrieved Domino from the building under construction and walked towards the fence of the construction site to leave.

21.     Meanwhile, a security alarm had gone off at the construction site, and SMCSO deputies, including but not limited to Defendants SANCHEZ, MICHEL, and LAUGHLIN had arrived and had established a perimeter around the construction site.

22.     Defendants SANCHEZ, MICHEL, and LAUGHLIN, with LAUGHLIN's police canine, "Riggs," a German Shepherd, entered the construction site.  Defendants SANCHEZ, MICHEL, and LAUGHLIN could clearly see Plaintiff MAY at great distance, given that the construction site was illuminated.  Defendants SANCHEZ, MICHEL, and LAUGHLIN, with Riggs, approached Plaintiff MAY and "S."

23.     As Plaintiff MAY and "S" walked toward the fence, they heard a commotion coming from the other end of the construction site and turned around.  Plaintiff MAY and "S" saw Defendants SANCHEZ, MICHEL, LAUGHLIN, and Riggs approaching.  Plaintiff MAY and "S" stopped so that they could explain to Defendants SANCHEZ, LAUGHLIN, and MICHEL that they had entered the construction site to rescue the cat.  At this time, "S" was holding the cat in her arms; Plaintiff MAY, dressed in jeans and a plaid shirt, had nothing in his hands, which were both visible.  Plaintiff MAY was standing still with one hand at his side, and another hand on the fence, against which he was leaning.  There was no gate or exit to the construction site where Plaintiff MAY and "S" were standing.

24.     Neither Plaintiff MAY nor "S" resisted, attempted to flee, nor did either of them do or say anything threatening towards Defendants SANCHEZ, LAUGHLIN, MICHEL, Riggs, or anyone else.  Neither Plaintiff MAY nor "S" had any outstanding warrants for their arrest.  Despite this, and without warning, either Defendant LAUGHLIN, SANCHEZ, and/or MICHEL unleashed Riggs and gave a loud command in a foreign language; Riggs ran toward Plaintiff MAY, touched

Plaintiff MAY's body with his nose, and then ran back towards Defendants SANCHEZ, LAUGHLIN, and MICHEL.

25. Then, without giving any kind of audible warning, Defendant LAUGLIN, MICHEL, and/or SANCHEZ commanded Riggs very loudly, again in a foreign language, to attack Plaintiff MAY. Neither Defendant LAUGHLIN, MICHEL, SANCHEZ, nor anyone else, had either reasonable suspicion or probable cause to believe that Plaintiff MAY had committed a serious or violent crime, or that he was about to flee. Plaintiff MAY had nothing in his hands, which were clearly visible, was neither fleeing nor resisting, and posed no immediate threat to Defendants LAUGHLIN, MICHEL, SANCHEZ or anyone else. Pursuant to Defendants' commands, Riggs ran at Plaintiff MAY and bit his leg, causing Plaintiff MAY excruciating pain.

26. Plaintiff MAY immediately fell to the ground. One or more of Defendants SANCHEZ, MICHEL, and/or LAUGHLIN commanded Plaintiff MAY to get on the ground, even though Plaintiff MAY had already complied. Despite Plaintiff MAY's compliance, Riggs continued to bite, chew, and maul Plaintiff MAY's right leg for an inordinately excessive amount of time—more than sufficient time for deliberation by all Defendants. Plaintiff MAY was not resisting, not fighting, not threatening anyone, but rather was crying out in pain, and he was lying on the ground on his stomach surrounded by Defendants SANCHEZ, MICHEL, and LAUGHLIN.

27. Nevertheless, neither Defendants SANCHEZ, MICHEL, nor LAUGHLIN commanded Riggs to stop biting Plaintiff MAY, nor did anyone attempt to intervene to stop the biting. Finally, either Defendant LAUGHLIN, MICHEL, or SANCHEZ called off Riggs, who finally stopped biting Plaintiff MAY.

28. Defendants, including but not limited to LAUGHLIN, MICHEL, and SANCHEZ improperly encouraged the continuation of the police canine's unjustified attack and excessive

duration of the bite by delaying in calling off Riggs.  Defendants, including but not limited to LAUGHLIN, MICHEL, and SANCHEZ, continued to allow Riggs to bite Plaintiff MAY even though Plaintiff MAY was obviously helpless and surrounded by Defendant deputies LAUGHLIN, MICHEL, and SANCEZ.

29.     While Plaintiff MAY was lying on the ground, Defendants LAUGHLIN, SANCHEZ, MICHEL and/or DOES 1–10 handcuffed him and searched him.  Defendants LAUGHLIN, SANCHEZ, MICHEL and/or DOES 1–10 then led Plaintiff MAY out of the construction site and sat him on a curb.  Paramedics rinsed Plaintiff MAY's leg off with saline and hydrogen peroxide and then put a sock-like bandage over the injured leg.

30.     Defendants LAUGHLIN, SANCHEZ, MICHEL, and/or DOES 1–10 put Plaintiff MAY in a patrol vehicle, where Plaintiff MAY remained for about 20–30 minutes in great pain before he was taken to the SMCSO Half Moon Bay substation.  Plaintiff MAY then was held at the SMCSO Half Moon Bay substation for about an hour, where Defendants LAUGHLIN and MICHEL took turns questioning him; neither Defendant LAUGHLIN, MICHEL, nor anyone else asked Plaintiff MAY whether he had been armed.  Plaintiff MAY was not armed.

31.     Defendant LAUGHLIN then transported Plaintiff MAY to the emergency room at the San Mateo Medical Center.  Before leaving Plaintiff MAY in the hospital's waiting room, Defendant LAUGHLIN gave Plaintiff MAY a Notice to Appear for allegedly having violated California Penal Code § 602(m) (entering and occupying real property or structures of any kind without the consent of the owner, the owner' agent, or the person in lawful possession) and California Penal Code § 148(a)(1) (resisting, delaying, or obstructing an officer), both misdemeanors.  Defendant LAUGHLIN also handed Plaintiff MAY a metallic sticker with a depiction of a German Shepherd, with words to the effect of "I met Riggs."

32. The San Mateo County District Attorney declined to pursue these misdemeanor charges against either Plaintiff MAY or "S."

33. Later, Plaintiff MAY's doctor took out the stitches and prescribed Plaintiff MAY antibiotics and pain killers. Plaintiff MAY had to turn down several paying jobs in his profession as a sound engineer as a result of his injuries. For some time after the incident, Plaintiff MAY's leg was so swollen that he could not stand on it. On about January 25, 2015, Plaintiff MAY's wounds had reopened, but his doctor could not re-suture it because of the nature of the wounds. Instead, Plaintiff MAY's doctor advised him to change the wound dressing and apply a topical prescription.

34. The deployment of the police dog Riggs by Defendants SANCHEZ and/or MICHEL, and/or LAUGHLIN to bite and hold Plaintiff MAY, together with the conduct described in ¶¶ 22–28, above, constituted excessive force under the circumstances that caused serious injury to Plaintiff MAY.

35. At all times during Plaintiff MAY's contact with Defendants, Plaintiff MAY behaved peacefully and lawfully. Plaintiff MAY never possessed or displayed any weapon, nor did he threatened anyone in any way. Further, Plaintiff MAY never resisted a lawful order and never attempted to escape.

36. The force used by Defendants LAUGHLIN, and/or SANCHEZ, and/or MICHEL against Plaintiff MAY was unjustified and objectively unreasonable under the circumstances.

37. At all material times, Defendants' seizure of Plaintiff MAY was done without probable cause, reasonable suspicion, or other legal right; lasted an excessive amount of time; and was conducted unreasonably. Alternatively, or concurrently, Defendants' own excessive and unreasonable actions created the situation in which Defendants LAUGHLIN, and/or SANCHEZ,

COMPLAINT AND JURY DEMAND                                                                                                          8

and/or MICHEL decided to unlawfully seize and use force against Plaintiff MAY, and caused an escalation of events leading to the unlawful seizure and use of force against, and injury to, Plaintiff MAY. At all material times, and alternatively, the actions and omissions of each defendant were intentional, wanton and/or willful, conscience shocking, reckless, malicious, deliberately indifferent to Plaintiff MAY's rights, done with actual malice, grossly negligent, negligent, and objectively unreasonable.

38. Plaintiff MAY required medical treatment for his injuries caused by Defendants, and Plaintiff MAY has incurred medical bills.

39. As a direct and proximate result of each Defendant's acts and/or omissions as set forth above, Plaintiff MAY sustained the following injuries and damages, past and future, among others:

  a. Significant physical injuries requiring medical treatment, including but not limited to multiple bites, puncture wounds, soft tissue injuries, cuts and lacerations.

  b. Pain and suffering, including emotional distress;

  c. Medical expenses;

  d. Violation of constitutional rights;

  e. All damages and penalties recoverable under 42 U.S.C. §§ 1983 and 1988, and as otherwise allowed under California and United States statutes, codes, and common law.

40. Plaintiff filed a timely claim with Defendant COUNTY pursuant to California Government Code § 910 et seq. on June 12, 2015. Defendant COUNTY served its rejection of the claim on July 22, 2015.

//

//

# COUNT ONE
## -- 42 USC § 1983 --
### **DEFENDANTS LAUGHLIN, SANCHEZ, MICHEL, AND DOES 1-10**

41. Plaintiff MAY realleges each and every paragraph in this complaint as if fully set forth here.

42. By the actions and omissions described above, Defendants LAUGHLIN, SANCHEZ, MICHEL, and DOES 1–10 violated 42 U.S.C. § 1983, depriving Plaintiff MAY of the following clearly established and well-settled constitutional rights protected by the Fourth Amendment to U.S. Constitution:

   a. The right to be free from excessive and unreasonable force in the course of arrest or detention as secured by the Fourth Amendment.

43. Defendants subjected Plaintiff MAY to their wrongful conduct, depriving Plaintiff MAY of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiff MAY and others would be violated by their acts and/or omissions.

44. As a direct and proximate result of Defendants' acts and/or omissions as set forth above, Plaintiff MAY sustained injuries and damages as set forth at ¶ 39, above. Plaintiff MAY seeks all damages, penalties, costs, and fees permitted by law.

45. The conduct of Defendants LAUGHLIN, SANCHEZ, MICHEL, and DOES 1–10 entitles Plaintiff MAY to punitive damages and penalties allowable under 42 U.S.C. § 1983 and California law. Plaintiff MAY does not seek punitive damages against Defendant COUNTY or against Defendant MUNKS in his official capacity.

46. Plaintiff MAY is also entitled to reasonable costs and attorney fees under 42 U.S.C. § 1988 and applicable state and federal codes and law.

**COUNT TWO**
**—42 U.S.C. § 1983—Supervisory and Municipal Liability**
**<u>DEFENDANTS SAN MATEO COUNTY, SHERIFF GREG MUNKS,
AND DOES 1-10</u>**

47. Plaintiff MAY realleges each and every paragraph in this complaint as if fully set forth here.

48. The unconstitutional actions and/or omissions of Defendants LAUGHLIN, SANCHEZ, MICHEL and DOES 1–10, as well as other deputies employed by or acting on behalf of Defendant COUNTY and the SMCSO, upon information and belief, were pursuant to the following customs, policies, practices, and/or procedures of the SMCSO, stated in the alternative, which were directed, encouraged, allowed, and/or ratified by Defendant MUNKS and other policy making officials for Defendant COUNTY and the SMCSO:

   a. To use or tolerate the use of excessive and/or unjustified force, including in the use of police canines by deputies to seize non-threatening people suspected of nonviolent crimes;

   b. To fail to use appropriate and generally accepted law enforcement policies, procedures, and training in the use of canines by deputies;

   c. To fail to use appropriate and generally accepted law enforcement policies, procedures in the training and handling of police canines;

   d. To fail to institute, require, and enforce proper and adequate training, supervision, policies, and procedures concerning the use of force, seizures, the use of physical arrest/detention tactics and the use of police canines, when the need for such training, supervision, policies, and procedures is obvious;

   e. To cover-up violations of constitutional rights by any or all of the following:

      i. by failing to properly investigate and/or evaluate complaints or incidents of excessive and unreasonable force and unlawful seizures, including by police canines, and of dishonesty and/or other misconduct;

      ii. by ignoring and/or failing to properly and adequately investigate and discipline unconstitutional or unlawful law enforcement activity, including involving the improper use of police canines by deputies; and

   iii. by allowing, tolerating, and/or encouraging deputies to: fail to file complete and accurate reports; file false police reports; make false statements; intimidate, bias and/or "coach" witnesses to give false information and/or to attempt to bolster officers' stories; and/or obstruct or interfere with investigations of unconstitutional or unlawful law enforcement conduct, by withholding and/or concealing material information;

 f. To allow, tolerate, and/or encourage a "code of silence" among law enforcement officers and SMCSO personnel, whereby a deputy or member of the SMCSO does not provide adverse information against a fellow deputy or member of the SMCSO or hold another member accountable for official misconduct;

 g. To use or tolerate inadequate, deficient, and improper procedures for handling, investigating, and reviewing complaints of deputy misconduct, including claims made under California Government Code § 910 et seq.

 h. To fail to have and enforce necessary, appropriate, and lawful policies, procedures, and training programs to prevent or correct the unconstitutional conduct, customs, and procedures described in this Complaint and in subparagraphs (a)–(g) above, in the face of an obvious need for such policies, procedures, and training programs, and with deliberate indifference to the rights and safety of Plaintiff MAY and the public.

49. Defendants COUNTY, MUNKS, and DOES 1–10 failed to properly hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline Defendants LAUGHLIN, SANCHEZ, MICHEL, and DOES 1–10, and other SMCSO personnel, with deliberate indifference to Plaintiff MAY's Constitutional rights, which were thereby violated as described above.

50. The unconstitutional actions and/or omissions of Defendants LAUGHLIN, SANCHEZ, MICHEL, and DOES 1–10 and other SMCSO personnel, as described above, were approved, tolerated and/or ratified by Defendant MUNKS and other policy making officers for the SMCSO. Plaintiff MAY is informed and believes, and thereupon alleges, the details of this incident have been revealed to the authorized policy makers within Defendant COUNTY and the SMCSO, including Defendant MUNKS, and that such policy makers have direct knowledge of the facts of this incident. Notwithstanding this knowledge, the authorized policy makers within

COMPLAINT AND JURY DEMAND 12

Defendant COUNTY and the SMCSO, including Defendant MUNKS, have approved of the conduct of Defendants LAUGHLIN, SANCHEZ, MICHEL, and DOES 1–10 and other SMCSO personnel, and have made a deliberate choice to endorse the decisions of those Defendant deputies and the basis for those decisions.  By so doing, the authorized policy makers within Defendant COUNTY and the SMCSO, including Defendant MUNKS, have shown affirmative agreement with the individual Defendant deputies' conduct in this incident, and have ratified the unconstitutional acts of the individual Defendant deputies.

51. The aforementioned customs, policies, practices, and procedures; the failures to properly and adequately hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline; as well as the unconstitutional orders, approvals, ratification, and toleration of wrongful conduct by Defendants COUNTY, MUNKS, and DOES 1–10, were a moving force and/or a proximate cause of the deprivations of Plaintiff MAY's clearly established and well-settled constitutional rights in violation of 42 U.S.C. § 1983, as more fully set forth in ¶ 42, above.

52. Defendants subjected Plaintiff MAY to their wrongful conduct, depriving Plaintiff MAY of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiff MAY and others would be violated by their acts and/or omissions.

53. As a direct and proximate result of the unconstitutional actions, omissions, customs, policies, practices, and procedures of Defendants COUNTY, MUNKS, and DOES 1–10, as described above, Plaintiff MAY sustained serious injury and is entitled to damages, penalties, costs, and attorneys' fees as set forth in ¶¶ 43–46, above, and punitive damages against Defendant MUNKS and DOES 1–10 in their individual capacities.  Plaintiff MAY does not seek punitive damages against Defendant COUNTY.

**COUNT THREE
-- VIOLATION OF CIVIL CODE §52.1 --
DEFENDANTS LAUGHLIN, MICHEL, SANCHEZ, DOES 1–10, AND SAN MATEO COUNTY**

54. Plaintiff MAY realleges each and every paragraph in this complaint as if fully set forth here.

55. By their acts, omissions, customs, and policies, Defendants LAUGHLIN, MICHEL, SANCHEZ, and DOES 1–10, acting in concert/conspiracy, as described above, and by threat, intimidation, and/or coercion, interfered with, attempted to interfere with, and violated Plaintiff MAY's rights under California Civil Code § 52.1, and the following clearly established rights under the United States Constitution and the California Constitution:

   a. The right to be free from unreasonable searches and seizures, including the right to be free from excessive and unreasonable force, as secured by the Fourth Amendment;

   b. The right to be free from unreasonable searches and seizures, including the right to be free from excessive and unreasonable force, as secured by the California Constitution, Article 1, Section 13;

   c. The right to enjoy and defend life and liberty; acquire, possess, and protect property; and pursue and obtain safety, happiness and privacy, as secured by the California Constitution, Article 1, Section 1; and

   d. The right to protection from bodily restraint, harm, or personal insult, as secured by California Civil Code § 43.

56. Separate from, and above and beyond, Defendants' attempted interference, interference with, and violation of Plaintiff MAY's rights, Defendants violated Plaintiff MAY's rights by the following conduct constituting threats, intimidation, or coercion:

   a. Threatening Plaintiff MAY with violence, including commanding a police canine to attack him, in the absence of any threat presented by Plaintiff MAY, or any justification whatsoever;

   b. Conduct specifically defined as coercive in California Civil Code § 52.1(j), that is speech that "threatens violence against a specific person . . . and the person . . .

       against whom the threat is directed reasonably fears that, because of the speech, violence will be committed against them or their property and that the person threatening violence had the apparent ability to carry out the threat," i.e.: Defendant LAUGHLIN, and/or MICHEL, and/or SANCHEZ at least twice yelling commands in a foreign language to a police dog, who then ran at Plaintiff MAY, causing Plaintiff MAY to fear that he would be attacked by the police dog;

   c. Siccing a police dog on Plaintiff MAY, resulting in bites and serious injuries, in the absence of any threat presented by Plaintiff MAY, or any legitimate law enforcement purpose whatsoever;

   d. Handcuffing Plaintiff MAY while he was severely injured and in extreme pain, in the absence of any indication that he posed an immediate threat to anyone's safety;

   e. Intentionally delaying necessary hospital medical treatment for Plaintiff MAY while Plaintiff MAY was in excruciating pain, thereby increasing and extending his suffering, to first interrogate Plaintiff MAY.

   f. Wrongfully arresting and citing Plaintiff MAY for violation of California Penal Code § 148(a) without probable cause.

57. As a direct and proximate result of Defendants' violation of California Civil Code § 52.1 and of Plaintiff MAY's rights under the United States and California Constitutions and law, Plaintiff MAY sustained injuries and damages, and against these Defendants is entitled to relief as set forth above at ¶¶ 43–46, including all damages allowed by California Civil Code §§ 52, 52.1, and California law, not limited to costs, attorneys' fees, treble damages, civil penalties, and punitive damages against Defendants LAUGHLIN, MICHEL, SANCHEZ, and DOES 1–10.

58. Defendant COUNTY is vicariously liable, under California Government Code § 815.2, for the violations of state law and tortious conduct of its Sheriff's deputies and individually named Defendants.

//

## COUNT FOUR
## -- NEGLIGENCE; PERSONAL INJURIES --
## ALL DEFENDANTS

59. Plaintiff MAY realleges each and every paragraph in this complaint as if fully set forth here.

60. At all times, each Defendant owed Plaintiff MAY the duty to act with due care in the execution and enforcement of any right, law, or legal obligation.

61. At all times, each Defendant owed Plaintiff MAY the duty to act with reasonable care.

62. These general duties of reasonable care and due care owed to Plaintiff MAY by all Defendants include but are not limited to the following specific obligations:

   a. to refrain from using or tolerating the use of excessive and/or unreasonable force against Plaintiff MAY;

   b. to refrain from tactics and conduct that led to the otherwise unnecessary seizure of and use of force against Plaintiff MAY;

   c. to refrain from abusing their authority granted them by law;

   d. to refrain from violating Plaintiff MAY's rights guaranteed by the United States and California Constitutions, as set forth above, and as otherwise protected by law.

63. Additionally, these general duties of reasonable care and due care owed to Plaintiffs MAY by Defendants COUNTY, Sheriff MUNKS, and DOES 1–10, include, but are not limited to, the following specific obligations:

   a. to properly and reasonably hire, investigate, train, supervise, monitor, evaluate, and discipline their employees, agents, and/or SMCSO deputies, including but not limited to Defendants SANCHEZ, MICHEL, and LAUGHLIN, to ensure that those employees/agents/deputies act at all times in the public interest and in conformance with law;

   b. to make, enforce, and at all times act in conformance with policies, training, and customs that are lawful and protective of individual rights, including Plaintiff MAY's;

      c.      to refrain from making, enforcing, and/or tolerating the wrongful policies, training, and customs set forth at ¶ 48, above.

64. Defendants, through their acts and omissions, breached each and every one of the aforementioned duties owed to Plaintiff MAY.

65. As a direct and proximate result of Defendants' negligence, Plaintiff MAY sustained injuries and damages, and is entitled to relief as set forth above at ¶¶ 43–46, above, and punitive damages against Defendants MUNKS, LAUGHLIN, SANCHEZ, and MICHEL, in their individual capacities.

66. Defendant COUNTY is also vicariously liable, under California Government Code § 815.2, for the violations of state law and tortious conduct of its Sheriff's deputies and individually named defendants.

### COUNT FIVE
### -- ASSAULT AND BATTERY --
### DEFENDANTS LAUGHLIN, SANCHEZ, MICHEL, DOES 1–10, AND SAN MATEO COUNTY

67. Plaintiff MAY realleges each and every paragraph in this complaint as if fully set forth here.

68. The actions and omissions of Defendants LAUGHLIN, SANCHEZ, MICHEL, DOES 1–10, and COUNTY, as set forth above, constitute assault and battery.

69. As a direct and proximate result of Defendants' assault and battery of Plaintiff MAY, he sustained injuries and damages, and Plaintiff MAY is entitled to relief as set forth above at ¶¶ 43–46, and punitive damages against Defendants LAUGHLIN, SANCHEZ, MICHEL, and DOES 1–10.

70. Defendant COUNTY is vicariously liable, under California Government Code § 815.2, for the violations of state law and tortious conduct of its Sheriff's deputies and individually named Defendants.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff MAY respectfully requests the following relief against each and every Defendant herein, jointly and severally:

a. compensatory and exemplary damages in an amount according to proof and which is fair, just and reasonable;

b. punitive damages under 42 U.S.C. § 1983 and California law, in an amount according to proof and which is fair, just, and reasonable (punitive damages are not sought against COUNTY nor against MUNKS in his official capacity);

c. all other damages, penalties, costs, interest, and attorneys' fees as allowed by 42 U.S.C. §§ 1983 and 1988, California Civil Code §§ 52 et seq., 52.1 et seq., California Code of Civil Procedure § 1021.5, and as otherwise may be allowed by California and/or federal law;

d. Injunctive relief, including but not limited to the following:

    i. An order prohibiting Defendants and their Sheriff's deputies from unlawfully interfering with the rights of Plaintiff MAY and others to be free from unreasonable searches and seizures, and excessive and unreasonable force;

    ii. An order requiring Defendants to institute and enforce appropriate and lawful policies and procedures for the use of police canines, including, but not limited to, the adoption of a "find and bark" policy;

    iii. An order requiring Defendants to train police canines according to generally accepted law enforcement standards;

    iv. An order requiring Defendants to train all Sheriff's deputies concerning generally accepted

                and proper tactics and procedures for the use of police canines;

    v.        An order prohibiting Defendants and their Sheriff's deputies from maintaining the unconstitutional customs, policies, and practices as supported by proof; and

    vi.       An order prohibiting Defendants and their police officers from engaging in the "code of silence" as may be supported by the evidence in this case.

    e.        Such other and further relief as presented by the evidence in this case and as this Court may deem appropriate.

DATED: January 15, 2016　　　　　HADDAD & SHERWIN LLP

　　　　　　　　　　　　　　　　*/s/ Michael J. Haddad*

　　　　　　　　　　　　　　　　MICHAEL J. HADDAD
　　　　　　　　　　　　　　　　Attorneys for Plaintiff

## **JURY DEMAND**

Plaintiff hereby requests a trial by jury.

DATED: January 15, 2016　　　　　HADDAD & SHERWIN LLP

　　　　　　　　　　　　　　　　*/s/ Michael J. Haddad*

　　　　　　　　　　　　　　　　MICHAEL J. HADDAD
　　　　　　　　　　　　　　　　Attorneys for Plaintiff