MICHAEL J. HADDAD (State Bar No. 189114)
JULIA SHERWIN (State Bar No. 189268)
T. KENNEDY HELM (State Bar No. 282319)
MAYA SORENSEN (State Bar No. 250722)
HADDAD & SHERWIN LLP
505 Seventeenth Street
Oakland, California 94612
Telephone: (510) 452-5500
Fax: (510) 452-5510

Attorneys for Plaintiff
RICHARD EARL MAY, JR.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD EARL MAY, JR., Individually, <br><br> Plaintiff, <br><br> vs. <br><br> SAN MATEO COUNTY, a public entity, DEPUTY CHRIS LAUGHLIN, DEPUTY ERIC MICHEL, and DOES 1 through 10, Individually, Jointly and Severally, <br><br> Defendants. | No. 3:16-cv-00252-LB <br><br> **FIRST AMENDED COMPLAINT FOR DAMAGES, DECLARATORY, AND INJUNCTIVE RELIEF, AND DEMAND FOR JURY TRIAL** |

Plaintiff, by and through his attorneys, HADDAD & SHERWIN LLP, for his First Amended Complaint against Defendants, states as follows:

**JURISDICTION**

1.     This is a civil rights action arising from Defendants' unreasonable seizure of, and use of excessive force against, Plaintiff RICHARD EARL MAY, JR. ("MAY"), on or about January 1, 2015 in Half Moon Bay, San Mateo County, California.  This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth Amendment to the United States Constitution.  Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343(a)(3) and (4), and the aforementioned statutory and constitutional provisions.  The amount in controversy herein, excluding interest and costs, exceeds the minimum jurisdictional limit of this Court.  Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide claims arising under state law.

**INTRADISTRICT ASSIGNMENT**

2.     A substantial part of the events and/or omissions complained of herein occurred in the City of Half Moon Bay, San Mateo County, California, and this action is properly assigned to the San Francisco or Oakland Divisions of the United States District Court for the Northern District of California.

**PARTIES AND PROCEDURE**

3.     Plaintiff RICHARD EARL MAY, JR. is, and at all material times was, a resident of the State of California.

4.     Defendant SAN MATEO COUNTY ("COUNTY") is a public entity and municipal corporation, duly organized and existing under the laws and Constitution of the State of California.  Under its authority, the COUNTY owns, operates, manages, directs, and controls the

SAN MATEO COUNTY SHERIFF'S OFFICE ("SMCSO"), which employs and/or is responsible for the other defendants in this action.  Pursuant to California Government Code § 815.2, the COUNTY is vicariously liable for the state law torts of its employees and agents, including the individual Defendants herein.

5.      The SMCSO, through its Sheriff, Greg Munks, delegated certain policy-making authority to SMCSO supervisors, including to the Canine Unit Commander, Sergeant Gary Ramos.  At all material times, such policy-making officers were employed by Defendant COUNTY and the SMCSO, and were acting within the course and scope of that employment.

6.      Defendant DEPUTY CHRIS LAUGHLIN ("LAUGHLIN") at all material times was employed as a Sheriff's Deputy by Defendant COUNTY, and he was acting within the course and scope of that employment.

7.      Defendant DEPUTY ERIC MICHEL ("MICHEL") at all material times was employed as a Sheriff's Deputy by Defendant COUNTY, and he was acting within the course and scope of that employment.

8.      The true names and capacities of Defendants sued herein as DOES 1–10 ("DOE Defendants") are unknown to Plaintiff MAY, who therefore sues said Defendants by such fictitious names, and Plaintiff MAY will seek leave to amend his First Amended Complaint to show their true names and capacities when the same are ascertained.  Each DOE Defendant was an employee/agent of the COUNTY and the SMCSO, and at all material times acted within the course and scope of that relationship.

9.      Plaintiff MAY is informed and believes, and thereon alleges, that each of the Defendants sued herein was negligently, wrongfully, and otherwise responsible in some manner for the events and happenings as hereinafter described, and proximately caused injuries and

damages to Plaintiff MAY.  Further, one or more DOE Defendants was at all material times responsible for the hiring, training, supervision, and discipline of Defendants, LAUGHLIN, MICHEL, and other DOE Defendants.

10.     Plaintiff MAY is informed and believes, and thereon alleges, that each of the Defendants was at all material times an agent, servant, employee, partner, joint venturer, co-conspirator, and/or alter ego of the remaining Defendants, and in doing the things herein alleged, was acting within the course and scope of that relationship.  Plaintiff MAY is further informed and believes, and thereon alleges, that each of the Defendants herein gave consent, aid, and assistance to each of the remaining Defendants, and ratified and/or authorized the acts or omissions of each Defendant as alleged herein, except as may be hereinafter otherwise specifically alleged.

11.     At all material times, each Defendant was jointly engaged in tortious activity, and was an integral participant to the events and violations of rights described herein, resulting in the deprivation of Plaintiff MAY's constitutional rights and other harm.

12.     The acts and omissions of all Defendants as set forth herein were, at all material times, pursuant to the actual customs, policies, practices, and procedures of the COUNTY and/or the SMCSO.

13.     At all material times, each Defendant acted under color of the laws, statutes, ordinances, and regulations of the State of California and the COUNTY.

14.     Plaintiff MAY timely and properly filed a government code claim pursuant to California Government Code § 910 et seq., and this action is timely filed within all applicable statutes of limitation.

15.     This complaint may be pled in the alternative pursuant to Federal Rule of Civil Procedure 8(d)(2).

**GENERAL ALLEGATIONS**

16.     Plaintiff MAY realleges each and every paragraph in this complaint as if fully set forth here.

17.     On or about January 1, 2015 in the city of Half Moon Bay, San Mateo County, California, at approximately 10:00 p.m., Plaintiff MAY was on the Mid-Peninsula Housing commercial construction site premises in the vicinity of 1 Bloom Lane helping a friend ("S") look for her cat, "Domino," who was trapped in a partially constructed building on the construction site.  At the time of the incident, Plaintiff MAY was 62 years old, and "S" was 73 years old.

18.     Before entering the construction site, Plaintiff MAY and "S" attempted to call the company responsible for security at the site by dialing the number posted on a sign on a fence around the site's perimeter.  The number was incorrect, however, and instead connected with a medical supply company in Ohio.  Fearing for the cat's safety, Plaintiff MAY entered the construction site with "S" to rescue Domino, which they could hear meowing from the building under construction.

19.     Once Plaintiff MAY and "S" entered the construction site, "S" attempted to find a security guard who could help them.  There was no security guard on site, however.  Plaintiff MAY and "S" retrieved Domino from the building under construction and walked towards the fence of the construction site to leave.

20.     Meanwhile, a security alarm had gone off at the construction site, and SMCSO deputies, including but not limited to Deputy Sanchez, and Defendants MICHEL and LAUGHLIN had arrived and had established a perimeter around the construction site.

21.     Deputy Sanchez, and Defendants MICHEL and LAUGHLIN, with LAUGHLIN's police canine, "Riggs," a German Shepherd, entered the construction site.  Deputy Sanchez and Defendants MICHEL and LAUGHLIN could clearly see Plaintiff MAY at great distance, given

that the construction site was illuminated.  Deputy Sanchez, and Defendants MICHEL and LAUGHLIN, with Riggs, approached Plaintiff MAY and "S."

22.     As Plaintiff MAY and "S" walked toward the fence, they heard a commotion coming from the other end of the construction site and turned around.  Plaintiff MAY and "S" saw Deputy Sanchez and Defendants MICHEL and LAUGHLIN, and Riggs approaching.  Plaintiff MAY and "S" stopped so that they could explain to Deputy Sanchez, and Defendants LAUGHLIN and MICHEL that they had entered the construction site to rescue the cat.  At this time, "S" was holding the cat in her arms; Plaintiff MAY, dressed in jeans and a plaid shirt, had nothing in his hands, which were both visible.  Plaintiff MAY was standing still with his hands at his side when he first saw Deputy Sanchez and Defendants LAUGHLIN and MICHEL.  There was no gate or exit to the construction site where Plaintiff MAY and "S" were standing.

23.     Neither Plaintiff MAY nor "S" resisted, attempted to flee, nor did either of them do or say anything threatening towards Deputy Sanchez and Defendants LAUGHLIN, MICHEL, Riggs, or anyone else.  Neither Plaintiff MAY, nor "S," had any outstanding warrants for their arrest.  Despite this, and without warning, Defendant LAUGHLIN unleashed Riggs and gave a loud command in a foreign language; Riggs ran toward Plaintiff MAY, nudged Plaintiff MAY's right arm with his nose, and then ran back towards Deputy Sanchez, and Defendants LAUGHLIN, and MICHEL.  Plaintiff MAY remained standing still.

24.     Then, without giving any kind of audible warning, Defendant LAUGLIN commanded Riggs very loudly, again in a foreign language, to attack Plaintiff MAY.  Neither Defendant LAUGHLIN, MICHEL, Deputy Sanchez, nor anyone else, had either reasonable suspicion or probable cause to believe that Plaintiff MAY had committed a serious or violent crime, or that he was about to flee.  Plaintiff MAY had nothing in his hands, which were clearly

1   visible, was neither fleeing nor resisting, and posed no immediate threat to Defendants

2   LAUGHLIN, MICHEL, Deputy Sanchez or anyone else.  Pursuant to Defendant LAUGHLIN's

3   commands, Riggs ran at Plaintiff MAY and bit his leg, causing Plaintiff MAY excruciating pain.

4       25.     Plaintiff MAY fell to the ground.  Riggs was moving Plaintiff MAY's right leg

5   around, thrashing it.  Defendant LAUGHLIN commanded Plaintiff MAY to get on the ground

6   after Riggs had already started biting his right leg.  Despite Plaintiff MAY's compliance, Riggs

7   continued to bite, chew, and maul Plaintiff MAY's right leg for an inordinately excessive amount

8   of time—more than sufficient time for deliberation by all Defendants.   Plaintiff MAY was not

9   resisting, not fighting, not threatening anyone, but rather was crying out in pain lying on the

10  ground on his stomach and moving his legs in reaction to the dog bite, surrounded by Defendants

11  MICHEL and LAUGHLIN.

12      26.     Nevertheless, Defendant LAUGHLIN did not command Riggs to stop biting

13  Plaintiff MAY, nor did anyone attempt to intervene to stop the biting.  Finally, Defendant

14  LAUGHLIN called off Riggs, who finally stopped biting Plaintiff MAY.

15      27.     Defendant LAUGHLIN improperly encouraged the continuation of the police

16  canine's unjustified attack and excessive duration of the bite by delaying in calling off Riggs.

17  Defendant LAUGHLIN continued to allow Riggs to bite Plaintiff MAY even though Plaintiff

18  MAY was obviously helpless and out-numbered by Defendant deputies LAUGHLIN and

19  MICHEL.

20      28.     While Plaintiff MAY was lying on the ground, Defendant MICHEL handcuffed

21  him and searched him.  Defendant MICHEL then led Plaintiff MAY out of the construction site

22  and sat him on a curb.  Paramedics rinsed Plaintiff MAY's leg off with saline and hydrogen

23  peroxide and then put a sock-like bandage over the injured leg.

29.     Plaintiff MAY was put in a patrol vehicle, where Plaintiff MAY remained for about 20–30 minutes in great pain before he was taken to the SMCSO Half Moon Bay substation. Plaintiff MAY then was held at the SMCSO Half Moon Bay substation for about an hour, where Defendants LAUGHLIN and MICHEL took turns questioning him; neither Defendant LAUGHLIN, MICHEL, nor anyone else asked Plaintiff MAY whether he had been armed. Plaintiff MAY was not armed.

30.     Defendant LAUGHLIN then transported Plaintiff MAY to the emergency room at the San Mateo Medical Center.  Before leaving Plaintiff MAY in the hospital's waiting room, Defendant LAUGHLIN gave Plaintiff MAY a Notice to Appear for allegedly having violated California Penal Code § 602(m) (entering and occupying real property or structures of any kind without the consent of the owner, the owner' agent, or the person in lawful possession) and California Penal Code § 148(a)(1) (resisting, delaying, or obstructing an officer), both misdemeanors.  Defendant LAUGHLIN also handed Plaintiff MAY a metallic sticker with a depiction of a German Shepherd, with words to the effect of "I met Riggs."

31.     The San Mateo County District Attorney declined to pursue these misdemeanor charges against either Plaintiff MAY or "S."

32.     Later, Plaintiff MAY's doctor took out the stitches and prescribed Plaintiff MAY antibiotics and pain killers.  For some time after the incident, Plaintiff MAY's leg was so swollen that he could not stand on it.  On about January 25, 2015, Plaintiff MAY's wounds had reopened, but his doctor could not re-suture it because of the nature of the wounds.  Instead, Plaintiff MAY's doctor advised him to change the wound dressing and apply a topical prescription.

33.     The deployment of the police dog Riggs by Defendant LAUGHLIN to bite and hold Plaintiff MAY, together with the conduct described in ¶¶ 21–30, above, constituted excessive force under the circumstances that caused serious injury to Plaintiff MAY.

34.     At all times during Plaintiff MAY's contact with Defendants, Plaintiff MAY behaved peacefully and lawfully.  Plaintiff MAY never possessed or displayed any weapon, nor did he threaten anyone in any way.  Further, Plaintiff MAY never resisted a lawful order and never attempted to escape.  Defendants lacked probable cause to believe Plaintiff MAY had committed any crime, and the only crimes of which Defendants wrongly suspected Plaintiff MAY were non-violent, non-serious property crimes, i.e. trespassing and second degree commercial burglary.

35.     The force used by Defendants LAUGHLIN and MICHEL against Plaintiff MAY was unjustified and objectively unreasonable under the circumstances.

36.     At all material times, Defendants' seizure of Plaintiff MAY was done without probable cause, reasonable suspicion, or other legal right; lasted an excessive amount of time; and was conducted unreasonably.  Alternatively, or concurrently, Defendants' own excessive and unreasonable actions created the situation in which Defendant LAUGHLIN decided to unlawfully seize and use force against Plaintiff MAY, and caused an escalation of events leading to the unlawful seizure and use of force against, and injury to, Plaintiff MAY.  At all material times, and alternatively, the actions and omissions of each defendant were intentional, wanton and/or willful, conscience shocking, reckless, malicious, deliberately indifferent to Plaintiff MAY's rights, done with actual malice, grossly negligent, negligent, and objectively unreasonable.

37.     Plaintiff MAY required medical treatment for his injuries caused by Defendants, and Plaintiff MAY has incurred medical bills.

1    38.    As a direct and proximate result of each Defendant's acts and/or omissions as set

2    forth above, Plaintiff MAY sustained the following injuries and damages, past and future, among

3    others:

4          a.    Significant physical injuries requiring medical treatment, including but not
5                limited to multiple bites, puncture wounds, soft tissue injuries, cuts and
                 lacerations.
6

7          b.    Pain and suffering, including emotional distress;

8          c.    Medical expenses;

9          d.    Violation of constitutional rights;

10         e.    All damages and penalties recoverable under 42 U.S.C. §§ 1983 and 1988,
11               and as otherwise allowed under California and United States statutes, codes,
                 and common law.
12
     39.    Plaintiff filed a timely claim with Defendant COUNTY pursuant to California
13
     Government Code § 910 et seq. on June 12, 2015.  Defendant COUNTY served its rejection of the
14
     claim on July 22, 2015.
15

16                              **COUNT ONE**
17                          **-- 42 USC § 1983 --**
                   **DEFENDANTS LAUGHLIN, MICHEL, AND DOES 1-10**
18
     40.    Plaintiff MAY realleges each and every paragraph in this complaint as if fully set
19
20   forth here.

21   41.    By the actions and omissions described above, Defendants LAUGHLIN and

22   MICHEL, and DOES 1–10 violated 42 U.S.C. § 1983, depriving Plaintiff MAY of the following

23   clearly established and well-settled constitutional rights protected by the Fourth Amendment to

24   U.S. Constitution:
25
           a.    The right to be free from excessive and unreasonable force in the
26               course of arrest or detention as secured by the Fourth Amendment;
27               and

28

b.     The right to be free from unreasonable searches and seizures, including unlawful detention and arrest, as secured by the Fourth Amendment.

42.     Defendants subjected Plaintiff MAY to their wrongful conduct, depriving Plaintiff MAY of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiff MAY and others would be violated by their acts and/or omissions.

43.     As a direct and proximate result of Defendants' acts and/or omissions as set forth above, Plaintiff MAY sustained injuries and damages as set forth at ¶ 38, above.  Plaintiff MAY seeks all damages, penalties, costs, and fees permitted by law.

44.     The conduct of Defendants LAUGHLIN and MICHEL, and DOES 1–10 entitles Plaintiff MAY to punitive damages and penalties allowable under 42 U.S.C. § 1983 and California law.  Plaintiff MAY does not seek punitive damages against Defendant COUNTY.

45.     Plaintiff MAY is also entitled to reasonable costs and attorney fees under 42 U.S.C. § 1988 and applicable state and federal codes and law.

**COUNT TWO**
**—42 U.S.C. § 1983—Supervisory and Municipal Liability**
<u>**DEFENDANTS SAN MATEO COUNTY**</u>
<u>**AND DOES 1-10**</u>

46.     Plaintiff MAY realleges each and every paragraph in this complaint as if fully set forth here.

47.     The unconstitutional actions and/or omissions of Defendants LAUGHLIN and MICHEL and DOES 1–10, as well as other deputies employed by or acting on behalf of Defendant COUNTY and the SMCSO, upon information and belief, were pursuant to the following customs, policies, practices, and/or procedures of the SMCSO, stated in the alternative,

which were directed, encouraged, allowed, and/or ratified by policy making officials for

Defendant COUNTY and the SMCSO:

      a.    To use or tolerate the use of excessive and/or unjustified force, including in the use of police canines by deputies to seize non-threatening people suspected of nonviolent crimes;

      b.    To fail to use appropriate and generally accepted law enforcement policies, procedures, and training in the use of canines by deputies;

      c.    To fail to use appropriate and generally accepted law enforcement policies, procedures in the training and handling of police canines;

      d.    To fail to institute, require, and enforce proper and adequate training, supervision, policies, and procedures concerning the use of force, seizures, the use of physical arrest/detention tactics and the use of police canines, when the need for such training, supervision, policies, and procedures is obvious;

      e.    To cite and request baseless criminal charges, including but not limited to violation of Cal. Penal Code § 148(a), against individuals whom SMCSO officers have subjected to excessive force and other violations of rights;

      f.    To cover-up violations of constitutional rights by any or all of the following:

           i.    by failing to properly investigate and/or evaluate complaints or incidents of excessive and unreasonable force and unlawful seizures, including by police canines, and of dishonesty and/or other misconduct;

          ii.    by ignoring and/or failing to properly and adequately investigate and discipline unconstitutional or unlawful law enforcement activity, including involving the improper use of police canines by deputies; and

        iii.    by allowing, tolerating, and/or encouraging deputies to: fail to file complete and accurate reports; file false police reports; make false statements; intimidate, bias and/or "coach" witnesses to give false information and/or to attempt to bolster officers' stories; and/or obstruct or interfere with investigations of unconstitutional or unlawful law enforcement conduct, by withholding and/or concealing material information;

      g.    To allow, tolerate, and/or encourage a "code of silence" among law enforcement officers and SMCSO personnel, whereby a deputy or member of the SMCSO does not provide adverse information against a fellow

deputy or member of the SMCSO or hold another member accountable for official misconduct;

h.   To use or tolerate inadequate, deficient, and improper procedures for handling, investigating, and reviewing complaints of deputy misconduct, including claims made under California Government Code § 910 et seq.

i.   To fail to have and enforce necessary, appropriate, and lawful policies, procedures, and training programs to prevent or correct the unconstitutional conduct, customs, and procedures described in this Complaint and in subparagraphs (a)–(g) above, in the face of an obvious need for such policies, procedures, and training programs, and with deliberate indifference to the rights and safety of Plaintiff MAY and the public.

48.     Defendants COUNTY and DOES 1–10 failed to properly hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline Defendants LAUGHLIN, MICHEL, and DOES 1–10, and other SMCSO personnel, with deliberate indifference to Plaintiff MAY's Constitutional rights, which were thereby violated as described above.

49.     The unconstitutional actions and/or omissions of Defendants LAUGHLIN, MICHEL, and DOES 1–10 and other SMCSO personnel, as described above, were approved, tolerated and/or ratified by SMCSO Sgt. Gary Ramos, Canine Unit Commander, and other policy making officers for the SMCSO.  Plaintiff MAY is informed and believes, and thereupon alleges, the details of this incident have been revealed to the authorized policy makers within Defendant COUNTY and the SMCSO, including Sgt. Ramos, and that such policy makers have direct knowledge of the facts of this incident.  Notwithstanding this knowledge, the authorized policy makers within Defendant COUNTY and the SMCSO, including Sgt. Ramos, have approved of the conduct of Defendants LAUGHLIN, MICHEL, and DOES 1–10 and other SMCSO personnel, and have made a deliberate choice to endorse the decisions of those Defendant deputies and the basis for those decisions.  By so doing, the authorized policy makers within Defendant COUNTY and the SMCSO, including Sgt. Ramos, have shown affirmative agreement with the individual

1   Defendant deputies' conduct in this incident, and have ratified the unconstitutional acts of the

2   individual Defendant deputies.

3          50.    The aforementioned customs, policies, practices, and procedures; the failures to

4   properly and adequately hire, train, instruct, monitor, supervise, evaluate, investigate, and

5   discipline; as well as the unconstitutional orders, approvals, ratification, and toleration of wrongful

6   conduct by Defendants COUNTY and DOES 1–10, were a moving force and/or a proximate cause

7   of the deprivations of Plaintiff MAY's clearly established and well-settled constitutional rights in

8   violation of 42 U.S.C. § 1983, as more fully set forth in ¶ 41, above.

9          51.    Defendants subjected Plaintiff MAY to their wrongful conduct, depriving Plaintiff

10  MAY of rights described herein, knowingly, maliciously, and with conscious and reckless

11  disregard for whether the rights and safety of Plaintiff MAY and others would be violated by their

12  acts and/or omissions.

13         52.    As a direct and proximate result of the unconstitutional actions, omissions,

14  customs, policies, practices, and procedures of Defendants COUNTY and DOES 1–10, as

15  described above, Plaintiff MAY sustained serious injury and is entitled to damages, penalties,

16  costs, and attorneys' fees as set forth in ¶¶ 43–45, above, and punitive damages against DOES 1–

17  10 in their individual capacities.  Plaintiff MAY does not seek punitive damages against

18  Defendant COUNTY.

**COUNT THREE
-- VIOLATION OF CIVIL CODE §52.1 --
<u>DEFENDANTS LAUGHLIN, MICHEL, DOES 1–10, AND SAN MATEO COUNTY</u>**

         53.    Plaintiff MAY realleges each and every paragraph in this complaint as if fully set

forth here.

54.    By their acts, omissions, customs, and policies, Defendants LAUGHLIN,

MICHEL, and DOES 1–10, acting in concert/conspiracy, as described above, and by threat,

intimidation, and/or coercion, interfered with, attempted to interfere with, and violated Plaintiff

MAY's rights under California Civil Code § 52.1, and the following clearly established rights

under the United States Constitution and the California Constitution:

      a.   The right to be free from unreasonable searches and seizures, including the right to be free from excessive and unreasonable force, and from unlawful detentions and arrests, as secured by the Fourth Amendment;

      b.   The right to be free from unreasonable searches and seizures, including the right to be free from excessive and unreasonable force, and from unlawful detentions and arrests, as secured by the California Constitution, Article 1, Section 13;

      c.   The right to enjoy and defend life and liberty; acquire, possess, and protect property; and pursue and obtain safety, happiness and privacy, as secured by the California Constitution, Article 1, Section 1; and

      d.   The right to protection from bodily restraint, harm, or personal insult, as secured by California Civil Code § 43.

55.    Separate from, and above and beyond, Defendants' attempted interference,

interference with, and violation of Plaintiff MAY's rights, Defendants violated Plaintiff MAY's

rights by the following conduct constituting threats, intimidation, or coercion:

      a.   Threatening Plaintiff MAY with violence, including commanding a police canine to attack him, in the absence of any threat presented by Plaintiff MAY, or any justification whatsoever;

      b.   Conduct specifically defined as coercive in California Civil Code § 52.1(j), that is speech that "threatens violence against a specific person . . . and the person . . . against whom the threat is directed reasonably fears that, because of the speech, violence will be committed against them or their property and that the person threatening violence had the apparent ability to carry out the threat," i.e.: Defendant LAUGHLIN at least twice yelling commands in a foreign language to a police dog, who then ran at Plaintiff MAY, causing Plaintiff MAY to fear that he would be attacked by the police dog;

c.   Siccing a police dog on Plaintiff MAY, resulting in bites and serious injuries, in the absence of any threat presented by Plaintiff MAY, or any legitimate law enforcement purpose whatsoever;

d.   Allowing the high use of force represented by a dog attack to continue for approximately one minute, resulting in torturous pain and injury, in the absence of any threat or need for such continued high force.

e.   Handcuffing Plaintiff MAY while he was severely injured and in extreme pain, in the absence of any indication that he posed an immediate threat to anyone's safety;

f.   Intentionally delaying necessary hospital medical treatment for Plaintiff MAY while Plaintiff MAY was in excruciating pain, thereby increasing and extending his suffering, to first interrogate Plaintiff MAY.

g.   Wrongfully arresting and citing Plaintiff MAY for violation of California Penal Code § 148(a) without probable cause.

56.   As a direct and proximate result of Defendants' violation of California Civil Code § 52.1 and of Plaintiff MAY's rights under the United States and California Constitutions and law, Plaintiff MAY sustained injuries and damages, and against these Defendants is entitled to relief as set forth above at ¶¶ 43–45, including all damages allowed by California Civil Code §§ 52, 52.1, and California law, not limited to costs, attorneys' fees, treble damages, civil penalties, and punitive damages against Defendants LAUGHLIN, MICHEL, and DOES 1–10.

57.   Defendant COUNTY is vicariously liable, under California Government Code §815.2, for the violations of state law and tortious conduct of its Sheriff's deputies and individually named Defendants.

**COUNT FOUR**
**-- NEGLIGENCE; PERSONAL INJURIES --**
**ALL DEFENDANTS**

58.   Plaintiff MAY realleges each and every paragraph in this complaint as if fully set forth here.

59.   At all times, each Defendant owed Plaintiff MAY the duty to act with due care in the execution and enforcement of any right, law, or legal obligation.

1    60.    At all times, each Defendant owed Plaintiff MAY the duty to act with reasonable

2    care.

3    61.    These general duties of reasonable care and due care owed to Plaintiff MAY by all

4    Defendants include but are not limited to the following specific obligations:

5

6          a.    to refrain from using or tolerating the use of excessive and/or unreasonable
                 force against Plaintiff MAY;

7          b.    to refrain from tactics and conduct that led to the otherwise unnecessary
8                seizure of and use of force against Plaintiff MAY;

9          c.    to refrain from abusing their authority granted them by law;

10         d.    to refrain from violating Plaintiff MAY's rights guaranteed by the United
11               States and California Constitutions, as set forth above, and as otherwise
                 protected by law.

12   62.    Additionally, these general duties of reasonable care and due care owed to Plaintiff

13   MAY by Defendants COUNTY and DOES 1–10, include, but are not limited to, the following

14   specific obligations:

15

16         a.    to properly and reasonably hire, investigate, train, supervise, monitor,
                 evaluate, and discipline their employees, agents, and/or SMCSO deputies,
17               including but not limited to Defendants MICHEL and LAUGHLIN, to
                 ensure that those employees/agents/deputies act at all times in the public
18               interest and in conformance with law;

19         b.    to make, enforce, and at all times act in conformance with policies, training,
20               and customs that are lawful and protective of individual rights, including
                 Plaintiff MAY's;

21         c.    to refrain from making, enforcing, and/or tolerating the wrongful policies,
22               training, and customs set forth at ¶ 48, above.

23   63.    Defendants, through their acts and omissions, breached each and every one of the

24   aforementioned duties owed to Plaintiff MAY.

25

26

27

28

64.     As a direct and proximate result of Defendants' negligence, Plaintiff MAY sustained injuries and damages, and is entitled to relief as set forth above at ¶¶ 43–45, above, and punitive damages against Defendants LAUGHLIN, and MICHEL, in their individual capacities.

65.     Defendant COUNTY is also vicariously liable, under California Government Code § 815.2, for the violations of state law and tortious conduct of its Sheriff's deputies and individually named defendants.

**COUNT FIVE**
**-- ASSAULT AND BATTERY --**
**DEFENDANTS LAUGHLIN, MICHEL, DOES 1–10, AND SAN MATEO COUNTY**

66.     Plaintiff MAY realleges each and every paragraph in this complaint as if fully set forth here.

67.     The actions and omissions of Defendants LAUGHLIN, MICHEL, DOES 1–10, and COUNTY, as set forth above, constitute assault and battery.

68.     As a direct and proximate result of Defendants' assault and battery of Plaintiff MAY, he sustained injuries and damages, and Plaintiff MAY is entitled to relief as set forth above at ¶¶ 43–45, and punitive damages against Defendants LAUGHLIN, MICHEL, and DOES 1–10.

69.     Defendant COUNTY is vicariously liable, under California Government Code § 815.2, for the violations of state law and tortious conduct of its Sheriff's deputies and individually named Defendants.

**COUNT SIX**
**-- FALSE ARREST OR IMPRISONMENT --**
**ALL DEFENDANTS**

70.     Plaintiff realleges each and every paragraph in this Complaint as if fully set forth here.

71.    At no time during the events described above, or at all other pertinent times, did Defendants have a warrant for Plaintiff MAY's arrest, nor did Defendants have any facts or information that constituted probable cause that Plaintiff had committed or was about to commit a crime.

72.    Defendants, and each of them, intentionally and unlawfully exercised force to restrain, detain, and confine Plaintiff, putting restraint on Plaintiff's freedom of movement, and compelled Plaintiff MAY to move against his will.  Defendants authorized, directed, and assisted in procuring, without process, Plaintiff MAY's unlawful arrest.

73.    Alternatively, Defendants, as described herein, unlawfully seized and detained Plaintiff without reasonable suspicion or other legal justification.

74.    As a direct and proximate result of Defendants' acts and/or omissions as set forth above, Plaintiff MAY sustained injuries and damages and is entitled to relief as set forth at ¶¶ 43–45, above, and punitive damages against all individual Defendant law enforcement officers under California law.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff MAY respectfully requests the following relief against each and every Defendant herein, jointly and severally:

        a.    compensatory and exemplary damages in an amount according to proof and which is fair, just and reasonable;

        b.    punitive damages under 42 U.S.C. § 1983 and California law, in an amount according to proof and which is fair, just, and reasonable (punitive damages are not sought against COUNTY);

        c.    all other damages, penalties, costs, interest, and attorneys' fees as allowed by 42 U.S.C. §§ 1983 and 1988, California Civil Code §§ 52 et seq., 52.1 et seq., California Code of Civil Procedure § 1021.5, and as otherwise may be allowed by California and/or federal law;

1    d.    Injunctive relief, including but not limited to the following:

2         i.    An order prohibiting Defendants and their
3               Sheriff's deputies from unlawfully interfering
                with the rights of Plaintiff MAY and others to be
4               free from unreasonable searches and seizures,
                and excessive and unreasonable force;
5

6         ii.   An order requiring Defendants to institute and
                enforce appropriate and lawful policies and
7               procedures for the use of police canines,
                including, but not limited to, the adoption of a
8               "find and bark" policy;

9         iii.  An order requiring Defendants to train police
                canines according to generally accepted law
10              enforcement standards;

11        iv.   An order requiring Defendants to train all
12              Sheriff's deputies concerning generally accepted
                and proper tactics and procedures for the use of
13              police canines;

14        v.    An order prohibiting Defendants and their
15              Sheriff's deputies from maintaining the
                unconstitutional customs, policies, and practices
16              as supported by proof; and

17        vi.   An order prohibiting Defendants and their police
                officers from engaging in the "code of silence"
18              as may be supported by the evidence in this case.

19   e.    Such other and further relief as presented by the evidence in this case and as
20         this Court may deem appropriate.

21
     DATED:  December 1, 2016            HADDAD & SHERWIN LLP
22

23
                                         /s/ Michael J. Haddad
24
                                         _____
25                                       MICHAEL J. HADDAD
                                         Attorneys for Plaintiff

26

27

28

1

## <u>JURY DEMAND</u>

2
    Plaintiff hereby requests a trial by jury.

3

4
DATED:  December 1, 2016         HADDAD & SHERWIN LLP

5

6
         */s/ Michael J. Haddad*

7
         MICHAEL J. HADDAD
         Attorneys for Plaintiff

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28