1  MICHAEL J. HADDAD (State Bar No. 189114)
   JULIA SHERWIN (State Bar No. 189268)
2  T. KENNEDY HELM (State Bar No. 282319)
   MAYA SORENSEN (State Bar No. 250722)
3  HADDAD & SHERWIN LLP
4  505 Seventeenth Street
   Oakland, California 94612
5  Telephone: (510) 452-5500
   Fax: (510) 452-5510
6
7  Attorneys for Plaintiff
   RICHARD EARL MAY, JR.

8

9 UNITED STATES DISTRICT COURT

10 NORTHERN DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| RICHARD EARL MAY, JR., Individually, | No. 3:16-cv-00252-LB |
| Plaintiff, | Hon. Laurel Beeler |
| vs. | **JOINT SUBSEQUENT CASE MANAGEMENT STATEMENT** |
| SAN MATEO COUNTY, a public entity, DEPUTY CHRIS LAUGHLIN, DEPUTY ERIC MICHEL, and DOES 1 through 10, individually, Jointly and Severally, | Date: January 12, 2016<br>Time: 9:30 a.m.<br>Place: Courtroom C, 15th Floor |
| Defendants. | |

No. 3:16-cv-00252-LB: JOINT SUBSEQUENT CASE MANAGEMENT STATEMENT

The parties to the above-entitled action, pursuant to Northern District Civil Local Rule 16-10(d), submit this Joint Subsequent Case Management Statement.

1. **Jurisdiction and Service:** There are no changes since the last statement

2. **Facts:** There are no changes since the last statement.

3. **Legal Issues:** There are no changes since the last statement.

4. **Motions:** There are no changes since the last statement

5. **Amendment of Pleadings:** On November 29, 2016, the parties stipulated to the dismissal with prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(1), of all claims in this matter asserted by Plaintiff May against both Sheriff Greg Munks and Deputy John Sanchez, with each party to bear his own costs and attorneys' fees. (*See* Doc. 43). The parties also stipulated to Plaintiff's filing a First Amended Complaint. (*See* Doc. 43). Plaintiff May filed his First Amended Complaint on December 1, 2016, adding false arrest claims under federal and state law. (*See* Doc. 44). Defendants answered the First Amended Complaint on December 19, 2016. (*See* Doc. 45).

6. **Evidence Preservation:** There are no changes since the last statement.

7. **Disclosures:** There are no changes since the last statement.

8. **Discovery:** Since the last Case Management Conference on November 3, 2016, the parties have taken four additional depositions. On November 14, 2016, the parties deposed Sharon Coster, a percipient witness to the incident. On December 13, 2016, Plaintiff deposed both San Mateo County Sheriff's Office Sergeant Gary Ramos, who directs Defendant San Mateo County Sheriff's Office's Canine Unit, and San Mateo County Sheriff's Office Lieutenant Mark Duri, Defendant San Mateo County's Federal Rule of Civil Procedure 30(b)(6) witness regarding training, policies, and procedures regarding canine deployments and canine uses of force. On December 21, 2016, the parties deposed Dr. Josefina Enriquez, M.D., Plaintiff's primary care physician who provided follow-up treatment of his bite wounds.

On December 13, 2017, Plaintiff noticed the depositions of: the two emergency medical technicians who treated Plaintiff on scene after the incident, and the four other San Mateo County

1  Sheriff's Deputies—Deputies Zeugin, De Martini, King, and Sergeant Loubal—who were on
2  scene at some point during the incident.  On December 27, 2016, this Court granted the parties'
3  stipulation for Plaintiff to exceed the 10-deposition limit provided by Federal Rule of Civil
4  Procedure 30(a)(2)(A)(i).  (*See* Doc. 48).

5  Plaintiff will depose, on January 10, 2017, the two emergency medical technicians who
6  treated Plaintiff at the scene after the incident, as well as Deputies De Martini, King, and Sergeant
7  Loubal.  Deputy Zeugin is not available on January 10, 2017; therefore, the parties have stipulated
8  that his deposition will take place on January 18, 2017, after the fact discovery cutoff on January
9  12, 2017, and the parties have submitted to this Court a stipulation and (proposed) order to that
10 effect, which the Court entered on January 6, 2017.  (*See* Doc. 50).

11 The parties have also exchanged further paper discovery since the last Case Management
12 Conference.  On November 14, 2016, Plaintiff served a Request for Production of Documents and
13 Things (Set Two) and Interrogatories (Set One).  Defendants served their responses and objections
14 to this discovery on December 14, 2016.  On December 12, 2016, Defendants served: a Request
15 for Production of Documents and Things (Set Two); a Request for Admissions (Set One) and
16 Interrogatories (Set Two).  Plaintiff's responses shall be served on or before January 11, 2017.  On
17 December 13, 2016, Plaintiff served Requests for Production of Documents and Things (Sets
18 Three and Four); Defendants' responses shall be served on or before January 12, 2017.

19 The parties are meeting and conferring regarding, *inter alia*, Defendants' responses and
20 objections to Plaintiff's Request for Production of Documents and Things (Set Two), with
21 Plaintiff's counsel having sent a meet-and-confer letter to Defendants' counsel on December 23,
22 2016.

23 Given that Plaintiff's and Defendants' responses to outstanding paper discovery are due on
24 January 11 and January 12, respectively, Plaintiff requests, below at ¶ 17, an extension of the time
25 in which to complete this Court's meet-and-confer process and, if necessary and with this Court's
26 permission, to file any motions to compel discovery under Local Rule 37-3.

27 **9.** **Class Actions:** There are no changes since the last statement.

28 No. 3:16-cv-00252-LB: JOINT SUBSEQUENT CASE MANAGEMENT STATEMENT          2

**10.** **Related Cases:** There are no changes since the last statement.

**11.** **Relief:** There are no changes since the last statement.

**12.** **Settlement and ADR:** The parties attended a settlement conference before Magistrate Judge Ryu on October 7, 2016. The matter did not settle. (*See* Doc. 40). Judge Ryu will host a telephonic settlement conference call on January 6, 2017 at 10:00 a.m.

**13.** **Consent to Magistrate Judge for All Purposes:** There are no changes since the last statement.

**14.** **Other References:** There are no changes since the last statement.

**15.** **Narrowing of Issues:** There are no changes since the last statement.

**16.** **Expedited Trial Procedure:** There are no changes since the last statement.

**17.** **Scheduling:** The parties have submitted two stipulations with a (proposed) order to this Court: (1.) to continue the date for expert witness disclosures from January 23, 2017 to February 3, 2017; and (2.) to allow Plaintiff to depose Deputy Zeugin after the close of fact discovery on January 12, 2017, due to difficulties in scheduling Mr. Zeugin's deposition. The Court entered these stipulations and proposed order on January 6, 2017. (*See* Doc. 50).

Currently, the parties are in the process of meeting and conferring regarding, *inter alia*, Defendants' responses and objections to Plaintiff's Request for Production of Documents and Things (Set Two), with Plaintiff's counsel having sent a meet-and-confer letter to Defendants' counsel on December 23, 2016. The parties may have further disagreements on other outstanding discovery requests: Defendants' responses to Plaintiff's Request for Production of Documents and Things (Sets Three and Four) are currently due to be served on or before January 12, 2017. Plaintiff's responses to Defendants' Request for Production of Documents and Things (Set Two), Interrogatories (Set Two); and Requests for Admission (Set One) are currently due to be served on or before January 11, 2017.

Plaintiff would like enough time to complete this Court's meet-and-confer process with regard to any remaining discovery disputes. Fact discovery cutoff in this matter occurs on January 12, 2017. (*See* Doc. 24, p. 2). This Court's standing order requires the parties' lead trial counsel

No. 3:16-cv-00252-LB: JOINT SUBSEQUENT CASE MANAGEMENT STATEMENT       3

1  to meet and confer in person on 10 days' notice to attempt to resolve discovery disputes.  This
2  Court's standing order further requires that, should the parties be unable to resolve their discovery
3  disputes at the in-person meet and confer, the parties must submit a joint letter brief to the Court
4  within 5 days of the in-person meet and confer.

5  Therefore, to allow the parties to complete the meet-and-confer process with respect to any
6  outstanding discovery disputes pursuant to this Court's standing order—and, if necessary and with
7  the Court's consent, to file motions to compel discovery—Plaintiff respectfully requests that the
8  deadline to file such motions be extended from the current date under Northern District Local Rule
9  37-3 of 7 days after fact discovery cutoff (January 19, 2017) to February 16, 2017.  Extending the
10 cutoff on filing motions to compel will allow the parties to attempt to resolve their discovery
11 disputes, if any, pursuant to this Court's standing order, and will therefore save both the parties'
12 attorneys' fees and costs, and the Court's resources.

13 On December 30, 2016, Plaintiff's counsel emailed Defendants' counsel a stipulation to
14 extend the deadline to file motions to compel fact discovery under Local Rule 37-3—from January
15 19, 2017 to February 16, 2017—to allow the parties' lead trial counsel to complete this Court's
16 meet-and-confer process and, if necessary and with this Court's permission, to file any motions to
17 compel discovery.  For the reasons summarized below, Defendants' counsel does not believe a
18 stipulation is necessary at this time.  Plaintiff requests this Court to order that the deadline to file
19 motions to compel fact discovery under Local Rule 37-3 be extended from January 19, 2017 to
20 February 16, 2017.

21 With respect to the stipulation, Defendants' counsel believes this Court's standing order
22 regarding discovery disputes already identifies a timeline and procedure for resolving discovery
23 disputes before the Court, and nothing in that process is tied to the fact discovery cutoff date.
24 Defendants' counsel thus believes that a stipulation to extend the filing deadline under L.R. 37-3 is
25 unnecessary at this time.  Moreover, Plaintiff's proposal to extend any deadline by a month
26 conflicts with the timeline for the filing of any dispositive motions in this matter.

27  **18.** **Trial:** There are no changes since the last statement.

28 No. 3:16-cv-00252-LB: JOINT SUBSEQUENT CASE MANAGEMENT STATEMENT          4

**19.   Disclosure of Non-Party Interested Entities or Persons:** There are no changes since the last statement.

**20.   Professional Conduct:** There are no changes since the last statement.

**21.   Other Matters:** None.

DATED: January 6, 2017                    HADDAD & SHERWIN LLP

                                          /s/ *T. Kennedy Helm*
                                          T. KENNEDY HELM
                                          Attorneys for Plaintiff RICHARD EARL MAY, JR.

DATED: January 6, 2017                    JOHN C. BEIERS
                                          SAN MATEO COUNTY COUNSEL

                                          /s/ *Justin W. Mates**
                                          JUSTIN W. MATES
                                          Deputy County Counsel
                                          Attorneys for Defendants SAN MATEO COUNTY, DEPUTY CHRIS LAUGHLIN, DEPUTY ERIC MICHEL

*Mr. Mates provided his consent that this document be electronically filed.