1   MICHAEL J. HADDAD (State Bar No. 189114)
    JULIA SHERWIN (State Bar No. 189268)
2   T. KENNEDY HELM (State Bar No. 282319)
    MAYA SORENSEN (State Bar No. 250722)
3   HADDAD & SHERWIN LLP
4   505 Seventeenth Street
    Oakland, California 94612
5   Telephone: (510) 452-5500
    Fax: (510) 452-5510
6

7   Attorneys for Plaintiff
    RICHARD EARL MAY, JR.

8

9                   UNITED STATES DISTRICT COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

11

12  RICHARD EARL MAY, JR.,            )      No. 3:16-cv-00252-LB
    Individually,                     )
                                      )      Hon. Laurel Beeler
13                 Plaintiff,         )
                                      )
14  vs.                               )      PLAINTIFF'S MOTION IN LIMINE # 4
                                      )      TO EXCLUDE TESTIMONY AND
15  SAN MATEO COUNTY, a public entity;)      EVIDENCE REGARDING PLAINTIFF'S
    SAN MATEO COUNTY SHERIFF'S        )      ILLEGAL DRUG USE
16  DEPUTY CHRIS LAUGHLIN; DEPUTY     )
    ERIC MICHEL; and DOES 1 through 10,)      Trial Date: June 5, 2017
17  individually, Jointly and Severally,)     Time: 8:30 a.m.
                                      )      Place: Courtroom C, 15th Floor
18                 Defendants.        )      Final Pretrial Conference: May 18, 2017
                                      )      1:00 p.m.
19                                    )
                                      )
20                                    )
                                      )
21                                    )
                                      )
22  _____   )
                                      )
23

24

25

26

27

28

No. 3:16-cv-00252-LB: PLF.'S MIL # 4 TO EXCLUDE TESTIMONY & EVIDENCE RE: PLF.'S ILLEGAL DRUG
USE

1    TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:

2        PLEASE TAKE NOTICE THAT Plaintiff Richard Earl May, Jr. hereby moves this Court

3    for an order excluding any and all evidence, references to evidence, testimony, or argument

4    relating to Mr. May's ingestion of methamphetamine in his coffee on December 31, 2014 or at any

5    other time.

6        This motion is based on the grounds that evidence of Mr. May's drug use over 24 hours

7    before the Incident, as well as any other drug use, is irrelevant, highly prejudicial, and amounts to

8    impermissible character evidence.

9        This motion is made under the provisions of Federal Rules of Evidence 401, 402, 403, and

10   404, and it is based upon the supporting Memorandum of Points and Authorities, the pleadings

11   and papers on file in this action, and upon such of the argument and evidence as may be presented

12   prior to or at the hearing of this matter.

13                    **MEMORANDUM OF POINTS AND AUTHORITIES**

14       This Court has the inherent power to grant a motion in limine to exclude evidence that

15   could be objected to at trial.  *Luce v. United States*, 469 U.S. 38, 41 (1984).

16       Federal Rule of Evidence 402 states in pertinent part, "Irrelevant evidence is not

17   admissible."  Fed. R. Evid. 402. "Evidence is relevant if (a) it has any tendency to make a fact

18   more or less probable than it would be without the evidence; and (b) the fact is of consequence in

19   determining the action."  *Huddleston v. United States*, 485 U.S. 681, 682-92 (1988).  Evidence of

20   Mr. May's ingestion of methamphetamine that a friend sprinkled into his coffee at 7:30 p.m. on

21   December 31, 2014—over 24 hours before the incident giving rise to this action—has no tendency

22   to make any fact of consequence in determining this case more or less probable.

23       It is undisputed that Mr. May did not drink any alcohol or do any drugs on the date of the

24   Incident, January 1, 2015.  (**Ex. B**, May Dep., 26:2–7.)  During the evening of December 31, 2014,

25   at about 7:30 p.m., however, Mr. May had maybe one or two beers and ingested some

26   methamphetamine that someone put in his coffee while at a New Year's Eve party at his house.

27   (**Ex. B**, May Dep., 29:4–30:23).  Mr. May's San Mateo Medical Center Records also incorrectly

28

1    refer both to his having used cocaine in the 24 hours prior to his emergency room visit after the

2    incident, and of having a history of cannabis abuse, cocaine abuse, and methamphetamine abuse.

3    Mr. May also admitted that he had tried methamphetamine before, but "that phase was over long

4    ago." (**Ex. B**, May Dep., 31:4–8). Mr. May did not ingest any other drugs on New Year's Eve.

5    (**Ex. B**, May Dep., 30:25–31:3). Mr. May testified that the methamphetamine did not affect him

6    cognitively, other than allowing him to "make it to Time Square new years ball which I usually

7    am asleep by then." (**Ex. B**, May Dep., 31:19–32:2). Mr. May went to bed at about 2:00 a.m. on

8    January 1, 2015, and "had a good night sleep," waking up about six hours later, at about 8:00 a.m.

9    (**Ex. B**, May Dep., 28:18–23; 32:4–9). Indisputably, Mr. May was not intoxicated on any

10   substance during the Incident.

11           **A.    Mr. May's having ingested methamphetamine over 24 hours before Deputy**
              **Laughlin sicced *Riggs* on him has no relevance to the Fourth Amendment**
12            **excessive force inquiry, because Defendant Laughlin had no reason to think, at**
              **the moment that he sicced *Riggs* on Mr. May, that Mr. May had ingested any**
13            **illegal drugs.**

14           Mr. May was not intoxicated during the incident, but even if he were, a person's

15   intoxication is not relevant to the use-of-force reasonableness inquiry where, as here, the

16   defendant officer has <u>no facts</u> to suggest the person is intoxicated. *See Hayes v. Cnty. of San*

17   *Diego*, 736 F.3d 1223, 1232–33 (9th Cir. 2013) (citing *Graham*, 490 U.S. at 396) (refusing, in a §

18   1983 excessive force case, to consider the decedent's intoxication in determining whether

19   defendant deputies' use of deadly force was objectively reasonable where deputies were not aware

20   of intoxication.); *see also Castro v. Cnty. of L.A.*, No. 2:13-cv-06631-CAS (SSx), 2015 U.S. Dist.

21   LEXIS 103945, at *15 (C.D. Cal. Aug. 3, 2015) (following *Hayes*, and concluding "evidence of

22   decedent's intoxication is not relevant to the excessive force totality of the circumstances

23   inquiry."); *Turner v. Cnty. of Kern*, No. 1:11-cv-1366, 2014 U.S. Dist. LEXIS 18573, at *9 (E.D.

24   Cal. Feb. 13, 2014) (under *Hayes*, evidence of intoxication "is not relevant to the excessive force

25   totality of the circumstances inquiry.").

26

27

28

1       Here, Defendant Laughlin conceded that, while at the construction site, he saw nothing

2 about Mr. May that would have caused him to charge Mr. May with any sort of drug crime or

3 public intoxication crime. (**Ex. G**, Laughlin Dep., 131:23–132:3). In the moments leading up to

4 ordering *Riggs* to attack Mr. May, Defendant Laughlin had no reason to think that Mr. May was

5 intoxicated. It was only later, at the substation, Defendant Laughlin asked Mr. May if he had used

6 any drugs recently, and Mr. May stated that he had used some on New Year's Eve, more than 24

7 hours before. (**Ex. G**, Laughlin Dep., 144:4–12). Defendant Laughlin did not even perform "any

8 kind of drug influence exam on him." (**Ex. G**, Laughlin Dep., 145:9–10). Therefore, whether Mr.

9 May ingested methamphetamine over 24 hours before cannot be either probative of Mr. May's

10 conduct or corroborative of Defendant Laughlin's and Deputy Michel's version of events. *Turner*,

11 2014 U.S. Dist. LEXIS 18573, at \*9; *cf. Boyd v. City & Cnty. of S.F.*, 576 F.3d 938, 944 (9th Cir.

12 2009) (holding that evidence that the decedent was "on drugs" at the time of the use of force was

13 probative of the officers' claim that the decedent was "acting erratically, taunting police and

14 goading them to shoot him instead of following police commands.").

        **B.**     **Mr. May's past drug use is irrelevant to determining his damages, because**
15                 **there is no evidence that he consumed any illegal drugs after the Incident.**
16

17       There is no evidence that Mr. May used any illegal drugs *after* December 31, 2014.

18 Defendants in § 1983 actions sometimes argue that a plaintiff's (or decedent's) prior drug use is

19 relevant and admissible to reduce plaintiff's damages. *See, e.g., Cotton v. City of Eureka*, No. C

20 08-04386 SBA, 2010 U.S. Dist. LEXIS 136270, at \*21 (N.D. Cal. Dec. 14, 2010) (agreeing, in a

21 wrongful death § 1983 action, that "prior drug use is relevant and admissible to the determination

22 of damages because it relates to his life expectancy, as well as his habits, activities, and

23 lifestyle."). Indeed, Defendants have indicated, through their questioning at the deposition of Mr.

24 May's primary care physician, Dr. Enriquez, who treated his wounds suffered in the Incident, that

25 they may suggest at trial that the slowness with which Mr. May's bite wounds healed could be due

26 to his alleged use of illegal drugs after the Incident. Dr. Enriquez testified that, for Mr. May, "the

27 healing goes very slowly." (**Ex. H**, Enriquez Dep., 22:13). Later, Defense counsel asked Dr.

28

1   Enriquez if illegal drug use in any way affect the body's ability to heal properly.  (**Ex. H**, Enriquez

2   Dep., 33:4–17).  Because there is absolutely no evidence in the record that Mr. May did any illegal

3   drugs, such as methamphetamine, after the Incident, this Court should preclude Defendants from

4   this kind of speculation at trial to diminish Mr. May's damages.

5          **C.**    **Evidence of Mr. May's past drug use would be highly prejudicial, Fed. R. Evid. 403, and would constitute impermissible character evidence, Fed. R. Evid. 404(a), (b).**

6

7         Federal Rule of Evidence 403 allows this Court to exclude evidence where there is a

8   substantial danger that the probative value will be outweighed by the danger of undue prejudice.

9   *Old Chief v. United States*, 519 U.S. 172, 180–92 (1997).

10         Introduction of evidence that Mr. May had used methamphetamine or other drugs in the

11   past would strongly prejudice the jury against him, and this Court should preclude Defendants

12   from introducing evidence about it, as other district courts have done in § 1983 civil rights cases.

13   *See, e.g., Hunter v. City & Cnty. of S.F.*, No. 11-4911 JSC, 2013 U.S. Dist. LEXIS 106909, at

14   *18–19 (N.D. Cal. July 23, 2013) (excluding, under Fed. R. Evid. 403, the introduction during the

15   liability phase of the trial of any evidence of Plaintiff's pre-incident drug use, because "the

16   passage of time undermines any probative value this evidence might have and it is **highly**

17   **prejudicial**.") (emphasis added); *Green v. Cnty. of L.A.*, No. 2:12-cv-06007-CAS(CWx), 2014

18   U.S. Dist. LEXIS 85939, at *3–4 (C.D. Cal. June 19, 2014) (granting plaintiff's motion in limine,

19   in a § 1983 jail-beating case, to exclude evidence related to plaintiff's history of drug use because

20   "[w]hether or not plaintiff has used drugs in the past is irrelevant to the issues to be tried in this

21   case, as well as potentially unfairly prejudicial."); *Fernandez v. Taser Int'l, Inc.*, No. C 06-4371

22   SBA, 2008 U.S. Dist. LEXIS 90718, at *13–14 (N.D. Cal. Oct. 27, 2008) (granting plaintiff's

23   motion in limine, in a § 1983 wrongful death case, to exclude evidence of plaintiff's then-current

24   drug use during the liability phase because, as plaintiff argued, evidence of drug use and drug

25   history are irrelevant, highly prejudicial, and impermissible character evidence).

26

27

28

1    Further, any suggestion, argument, or testimony that Mr. May had consumed illegal drugs

2 in the past would constitute impermissible character evidence.  Fed. R. Evid. 404(a),(b); *see also*

3 *Kunz v. DeFelice*, 538 F.3d 667, 676–77 (7th Cir. 2008) (quoting *United States v. Cameron*, 814

4 F.2d 403, 405 (7th Cir. 1987) ("'[T]here is considerable danger that evidence that a witness has

5 used illegal drugs may so prejudice the jury that it will excessively discount the witness' testimony

6 . . . A court must, therefore, be chary in admitting such evidence when it is offered for the sole

7 purpose of **making a general character attack**.'") (emphasis added)).

8

9                                        **RELIEF REQUESTED**

10    For the foregoing reasons, Plaintiff moves *in limine* to exclude evidence, testimony,

11 argument, or attorney comment regarding both Plaintiff's past use of illegal drugs and speculation

12 about current or future use of illegal drugs.

13

14 Dated: April 20, 2017                         HADDAD & SHERWIN LLP

15                                               */s/ T. Kennedy Helm*

16                                               _____
                                                 T. KENNEDY HELM
17                                               Attorneys for Plaintiff

18

19

20

21

22

23

24

25

26

27

28