JOHN C. BEIERS, COUNTY COUNSEL (SBN 144282)
By: Justin W. Mates, Deputy (SBN 261830)
By: Brian E. Kulich, Deputy (SBN 233296)
By: Margaret V. Tides, Deputy (SBN 311177)
Hall of Justice and Records
400 County Center, 6th Floor
Redwood City, CA 94063
Telephone: (650) 363-4250
Facsimile: (650) 363-4034
E-mail: jmates@smcgov.org
E-mail: bkulich@smcgov.org
E-mail: mtides@smcgov.org

Attorneys for Defendant
COUNTY OF SAN MATEO, DEPUTY CHRIS LAUGHLIN
and DEPUTY ERIC MICHEL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD EARL MAY,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF SAN MATEO, DEPUTY CHRIS LAUGHLIN, ERIC MICHEL, and DOES 1 through 10, individually, Jointly and Severally,<br><br>Defendants. | Case No. 3:16-cv-00252 LB<br><br>**DEFENDANTS' MOTION IN LIMINE NO. 1 TO EXCLUDE EVIDENCE OF DEFENDANTS' PERSONNEL MATTERS AND DISCIPLINARY HISTORY UNRELATED TO THE INCIDENT**<br><br>**Hearing**<br><br>Date:  May 18, 2017<br>Time:  1:00 p.m.<br>Dept:  C, 15th Floor<br><br>**THE HONORABLE LAUREL BEELER**<br><br>**TRIAL DATE:** June 5, 2017 |

Case No. 3:16-cv-00252 LB

DEFENDANTS' MOTION IN LIMINE NO. 1 TO EXCLUDE EVIDENCE OF DEFENDANTS'
PERSONNEL MATTERS AND DISCIPLINARY HISTORY UNRELATED TO THE INCIDENT

**NOTICE OF MOTION**

PLEASE TAKE NOTICE on May 18, 2017, at 1:00 p.m., or as soon thereafter as the matter may be heard, before the Honorable Laurel Beeler, in Courtroom C of the above-captioned court, located at 450 Golden Gate Avenue, 15th Floor, San Francisco, CA, Defendants San Mateo County ("County"), Sheriff's Deputy Chris Laughlin, and Sheriff's Deputy Eric Michel (collectively, "Defendants") will and hereby do move the court for an order prohibiting Plaintiff from presenting certain evidence at trial, in particular:

***Evidence, testimony, and arguments related to Defendants' personnel, employment, and complaint/disciplinary history and investigations and reports of other incidents involving use of force unrelated to the incident on January 1, 2015.***

This motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, and any other matters which the Court in its discretion may allow.

**MOTION**

**I.    INTRODUCTION**

During discovery Plaintiff requested, and Defendants produced, extensive records related to Defendants' personnel, employment, and complaint/disciplinary history and investigations and reports of other incidents involving use of force unrelated to the incident on January 1, 2015. (*See* Supplemental Response by Defendants San Mateo County, Greg Monks, Deputy John Sanchez, Deputy Chris Laughlin, Deputy Eric Michel to Plaintiff's Request for Production of Documents and Things (Set One).) While records unrelated to the incident on January 1, 2015, might have been relevant to Plaintiff's *Monell* claim, that claim has been dismissed with prejudice. Thus, Defendants seek to exclude from trial evidence, testimony, and arguments related to Defendants' personnel, employment, and complaint/disciplinary history and investigations and reports of other incidents involving use of force unrelated to the incident on January 1, 2015.

**II.    ARGUMENT**

Without a *Monell* claim, such evidence is irrelevant. Even if it were relevant, the probative value of such evidence is substantially outweighed by the prejudice it would cause at trial, and therefore its admission is precluded under Federal Rule of Evidence 403. *See, e.g., Tan v. City & Cnty. of San*

*Francisco*, No. C 08-01564 MEJ, 2010 WL 726985 *2 (N.D. Cal. Feb. 26, 2010) ("Permitting the jury to consider the complaints and accounts of misconduct contained in the personnel files of the defendant officers presents a grave danger of unfair prejudice" (internal citation omitted, parenthesis changed).) Finally, such evidence constitutes improper character evidence under Federal Rule of Evidence 404. In fact, Rule 404 "has been amended to clarify that in a civil case evidence of a person's character is never admissible to provide that the person acted in conformity with the character trial." Fed. R. Evid. 404 advisory committee note (2006). This has historically been the rule in civil rights cases, where "[c]haracter evidence is normally not admissible." *Gates v. Rivera*, 993 F.2d 697, 700 (9th Cir. 1993). As *Gates* explained, "[t]he question to be resolved [is] whether, objectively, [the officer's] use of force had been excessive," and thus the officer's "past conduct d[oes] not bear on that issue." *Id*.

### III.     CONCLUSION

Based on the foregoing, the Court should grant Defendants' Motion in Limine No. 1 and exclude from trial any evidence, testimony, and/or argument related to Defendants' personnel, employment, and complaint/disciplinary history and investigations and reports of other incidents involving use of force unrelated to the incident on January 1, 2015.

Dated: April 20, 2017                                             Respectfully submitted,

JOHN C. BEIERS, COUNTY COUNSEL

By:  _____/s/_____
          Justin W. Mates, Deputy
          Brian E. Kulich, Deputy
          Maggie V. Tides, Deputy

Attorneys for Defendants
COUNTY OF SAN MATEO, DEPUTY CHRIS LAUGHLIN and DEPUTY ERIC MICHEL