MICHAEL J. HADDAD (State Bar No. 189114)
JULIA SHERWIN (State Bar No. 189268)
T. KENNEDY HELM (State Bar No. 282319)
MAYA SORENSEN (State Bar No. 250722)
HADDAD & SHERWIN LLP
505 Seventeenth Street
Oakland, California  94612
Telephone: (510) 452-5500
Fax: (510) 452-5510

Attorneys for Plaintiff
RICHARD EARL MAY, JR.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD EARL MAY, JR., Individually, <br><br> Plaintiff, <br><br> vs. <br><br> SAN MATEO COUNTY, a public entity; SAN MATEO COUNTY SHERIFF'S DEPUTY CHRIS LAUGHLIN; DEPUTY ERIC MICHEL; and DOES 1 through 10, individually, Jointly and Severally, <br><br> Defendants. | No. 3:16-cv-00252-LB <br><br> Hon. Laurel Beeler <br><br> **PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION IN LIMINE #1 TO EXCLUDE EVIDENCE OF DEFENDANTS' PERSONNEL MATTERS AND DISCIPLINARY HISTORY UNRELATED TO THE INCIDENT** <br><br> Trial Date: June 5, 2017 <br> Time: 8:30 a.m. <br> Place: Courtroom C, 15th Floor <br> Final Pretrial Conference: May 18, 2017 <br> 1:00 p.m. |

Plaintiff agrees that Defendant Laughlin's prior personnel matters and disciplinary history—as well as commendations and awards—should be excluded unless necessary for impeachment, or if Defendant Laughlin opens the door to such evidence by, for example, claiming he has never received any complaints about his performance. However, Plaintiff opposes this motion to the extent that it seeks to exclude evidence of Defendant Laughlin's non-compliance with policies regarding the deployment of *Riggs*. Defendants' Motion in Limine #1 seeks to exclude "evidence testimony, and arguments related to Defendants' personnel, employment, and complaint/disciplinary history and **investigations and reports of other incidents involving use of force unrelated to the incident** on January 1, 2015." Plaintiff intends to introduce evidence regarding San Mateo County Sheriff's Office Apprehension Report dated July 14, 2014.  This apprehension report determined that Defendant Laughlin did not follow the Department's policies when deploying a canine and is directly relevant to Plaintiff's claims and issues.  (**Exhibit A** to the Supplemental Declaration of T. Kennedy Helm). [1]

Federal Rule of Evidence 404(b) allows evidence of "other crimes, wrongs, or acts" for purposes "such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."  "In the Ninth Circuit, 'other act evidence is admissible under Rule 404(b) if the following test is satisfied:

> (1) there must be sufficient proof for the jury to find that the defendant committed the other act; (2) the other act must not be too remote in time; (3) the other act must be introduced to prove a material issue in the case; and (4) the other act must in some cases be similar to the offense charged.'"

---

[1] All exhibits in Plaintiff's Responses in Opposition to Defendants' Motions in Limine are attached to the Supplemental Declaration of T. Kennedy Helm in Support of Plaintiff's Responses in Opposition to Defendants' Motions in Limine.

*Hunter v. City & County of San Francisco*, No. 11-4911 JSC, 2013 U.S. Dist. LEXIS 106909, at *9 (N.D. Cal. July 25, 2013) (quoting *Duran v. City of Maywood*, 221 F.3d 1127, 1132–33 (9th Cir. 2000)).

Here, Defendant Laughlin's own canine coordinator and trainer opined that Defendant Laughlin failed to comply with both San Mateo County Sheriff's Office General Order 5-01 and Canine Services Manual 5-01.  He based his opinion on his own training and experience and the totality of the circumstances and his subsequent investigation.  Defendant Laughlin's violation was only six months prior to the current incident.  The violation is admissible to show Defendant Laughlin's absence of mistake, and knowledge about the standards for canine deployment before the Richard May incident.  Additionally, this particular apprehension report is relevant to whether Defendant Laughlin's conduct violated generally accepted law enforcement training, standards, and policies, and to Defendant Laughlin's recklessness and liability for punitive damages, as he chose to deploy a canine to attack a nonviolent person six months before he made the very same decision in this case.

Finally, this report is more probative than prejudicial because Defendant Laughlin's use of the canine in this case was similar to his use in the earlier case.  For example, the sergeant noted that the suspect in that case had committed "a simple battery".  Furthermore, "the suspect did not attempt to engage [the officers] and his apparent goal was to flee from them.  For these reasons alone, I believe Deputy Laughlin was not in compliance with [department policies]."  (**Ex. A**, at CSM_03347).  Here, Plaintiff's suspected crime was at worst commercial burglary, a wobbler.  Second, even viewing the facts entirely favorably to Defendants, the only reason Deputy Laughlin sicced *Riggs* on Mr. May was because supposedly Mr. May moved slowly into the shadows,

which Deputy Laughlin took to mean Mr. May was trying to escape.  Just six month earlier, Defendant Laughlin's own canine sergeant said that was an unacceptable reason to deploy *Riggs*.

For the forgoing reasons, to the extent that Defendants seek to limit evidence regarding the apprehension reports, Plaintiff respectfully requests that this Court deny Defendants' Motion in Limine #1.

Dated: April 27, 2017                                  HADDAD & SHERWIN LLP

*/s/ Maya Sorensen*
_____

Maya Sorensen
Attorneys for Plaintiff