JOHN C. BEIERS, COUNTY COUNSEL (SBN 144282)
By: Justin W. Mates, Deputy (SBN 261830)
By: Brian E. Kulich, Deputy (SBN 233296)
By: Margaret V. Tides, Deputy (SBN 311177)
Hall of Justice and Records
400 County Center, 6th Floor
Redwood City, CA  94063
Telephone: (650) 363-4760
Facsimile:  (650) 363-4034
E-mail:  jmates@smcgov.org
E-mail:  bkulich@smcgov.org
E-mail:  mtides@smcgov.org

Attorneys for Defendants
SAN MATEO COUNTY, DEPUTY CHRIS LAUGHLIN,
and DEPUTY ERIC MICHEL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD EARL MAY,<br><br>            Plaintiffs,<br><br>       vs.<br><br>SAN MATEO COUNTY, et al.,<br><br>            Defendants. | Case No. 3:16-cv-00252 LB<br><br>**DEFENDANTS' MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE OF PHYSICAL INJURY TO PLAINTIFF OTHER THAN INJURIES TO HIS RIGHT LEG**<br><br>**Hearing**<br><br>Date:    May 18, 2017<br>Time:   1:00 p.m.<br>Dept:    C, 15th Floor<br><br>**THE HONORABLE LAUREL BEELER**<br><br>**TRIAL DATE:** June 5, 2017 |

**NOTICE OF MOTION**

PLEASE TAKE NOTICE on May 18, 2017, at 1:00 p.m., or as soon thereafter as the matter may be heard, before the Honorable Laurel Beeler, in Courtroom C of the above-captioned court, located at 450 Golden Gate Avenue, 15th Floor, San Francisco, CA, Defendants San Mateo County ("County"), Sheriff's Deputy Chris Laughlin, and Sheriff's Deputy Eric Michel (collectively, "Defendants") will and hereby do move the court for an order prohibiting Plaintiff from presenting certain evidence at trial, in particular:

*Evidence, testimony, and/or argument regarding any other physical injuries Plaintiff may have suffered as a result of the incident on January 1, 2015, other than those to his right leg.*

This motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, and any other matters which the Court in its discretion may allow.

**MOTION**

**I.   INTRODUCTION**

Plaintiff is seeking damages solely for injuries to his right leg. (Dep. Tr. of Richard Earl May ("May Dep.") 135:12-19.) Indeed, the only injuries he describes in his complaint are those to his right leg (ECF No. 44, ¶ 25), and at his request the Court limited discovery of his medical records "to those about the leg injury and any pre-existing injury or other condition that affects the [P]laintiff's right leg" (ECF No. 35, p. 2:6-8). Therefore, Defendants move to exclude at trial evidence, testimony, and/or argument regarding any other physical injuries he may have suffered as a result of the incident on January 1, 2015, other than those to his right leg.

**II.   ARGUMENT**

Plaintiff refused to allow discovery of any other physical injuries and, as a result, he cannot offer evidence of such injuries at trial. *See* Fed. R. Civ. Proc. 37(c)(1). Furthermore, evidence of other physical injuries is irrelevant because Plaintiff expressly stated he is only seeking damages for the physical injuries he suffered to his right leg. (May Dep. 135:12-19.) Plaintiff might argue that evidence of alleged injuries to his left leg are relevant to his expert's opinion that Riggs could have bit Plaintiff in the left leg during the first deployment. (Dep. Tr. of Ernest Burwell ("Burwell Dep.") 97:8-98:25.) However, that opinion directly contradicts Plaintiff's own testimony that Riggs nudged him in the ***arm***,

not the leg, during the first deployment and his admission that he suffered no physical injury as a result of the first deployment. (May Dep. 64:19-25; Plaintiff's Response to Defendants' Requests for Admission, RFA No. 1.) Therefore, the opinion is unsupported and improper. *See* Fed. R. Evid. 702(d). Plaintiff might also argue that any additional alleged physical injuries he suffered show that Riggs "has a problem with biting." (Burwell Dep. 119:15-122:24.) However, Plaintiff's alleged physical injuries from a single incident cannot possibly form the basis for an opinion that Riggs has a more general problem with biting.[1] *See* Fed. R. Evid. 702(b).

Given the questionable relevancy of any other alleged physical injuries Plaintiff might have suffered during the incident, the probative value of such evidence would be outweighed by unfair prejudice to Defendants and confusion of the jury. *See* Fed. R. Evid. 403. Essentially, Plaintiff wants to characterize Riggs as an uncontrolled animal that bit him not just in the right leg, but in other places of his body. That characterization is unfounded and unfairly prejudicial. Also, because Plaintiff is only seeking damages for the physical injuries he suffered to this right leg, having the jury consider other alleged physical injuries for which no damages are sought would be confusing.

## III.   CONCLUSION

Based on the foregoing, the Court should granted Defendants' Motion in Limine No. 2 and exclude at trial evidence, testimony, and/or argument regarding any physical injuries Plaintiff may have suffered as a result of the incident on January 1, 2015, other than those to his right leg.

Dated: April 20, 2017

Respectfully submitted,

JOHN C. BEIERS, COUNTY COUNSEL

By: _____/s/_____
    Justin W. Mates, Deputy
    Brian E. Kulich, Deputy
    Maggie V. Tides, Deputy

Attorneys for Defendants
COUNTY OF SAN MATEO, DEPUTY CHRIS LAUGHLIN and DEPUTY ERIC MICHEL

---

[1] *See also* Defendants' Motion in Limine No. 9 which addresses Mr. Burwell's opinion on this issue in more detail.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28