MICHAEL J. HADDAD (State Bar No. 189114)
JULIA SHERWIN (State Bar No. 189268)
T. KENNEDY HELM (State Bar No. 282319)
MAYA SORENSEN (State Bar No. 250722)
HADDAD & SHERWIN LLP
505 Seventeenth Street
Oakland, California 94612
Telephone: (510) 452-5500
Fax: (510) 452-5510

Attorneys for Plaintiff
RICHARD EARL MAY, JR.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD EARL MAY, JR., Individually,<br><br>Plaintiff,<br>vs.<br><br>SAN MATEO COUNTY, a public entity; SAN MATEO COUNTY SHERIFF'S DEPUTY CHRIS LAUGHLIN; DEPUTY ERIC MICHEL; and DOES 1 through 10, individually, Jointly and Severally,<br><br>Defendants. | No. 3:16-cv-00252-LB<br><br>Hon. Laurel Beeler<br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION IN LIMINE #2 TO EXCLUDE EVIDENCE OF PHYSICAL INJURY TO PLAINTIFF OTHER THAN INJURIES TO HIS RIGHT LEG**<br><br>Trial Date: June 5, 2017<br>Time: 8:30 a.m.<br>Place: Courtroom C, 15th Floor<br>Final Pretrial Conference: May 18, 2017<br>1:00 p.m. |

1	Plaintiff opposes Defendants' second motion in limine to exclude evidence of injury other
2	than to Plaintiff's right leg.  Injuries suffered by Mr. May when he was pulled to the ground and
3	mauled by Riggs, whether severe or minor, are admissible under Fed. Rule. Evid. 401 and 402
4	because they are directly relevant to Plaintiff's claims and damages.  Defendants offer no authority
5	for excluding Plaintiff's injuries other than to his right leg.
6	Defendants photographed injuries to both of Plaintiff's legs.  (**Ex B.**, Defendants' photos
7	of Plaintiff's injuries).  The First Amended Complaint does not limit Plaintiff's injuries to his right
8	leg.  (*See* First Amended Complaint, Doc. 44, ¶ 38).
9	In addition, Plaintiff disclosed a photograph of dog bite injuries to Plaintiff's left leg.  (**Ex.**
10	**C,** left leg injury photo).
11	Furthermore, Plaintiff testified in his deposition that he was injured on his left leg.  (**Ex. D,**
12	May Dep., 72:12–23).  Defendants also asked him in their second set of interrogatories in
13	Interrogatory # 15 "do you contend that as a result of the INCIDENT, you suffered physical injury
14	other than to YOUR right leg?"  Mr. May responded "Plaintiff contends that as a result of the
15	INCIDENT, he suffered serious physical injuries to his right leg, and minor physical injuries to
16	other parts of his body, including his left leg."  (**Ex. E**, Interrogatory Answers).  Additionally, Mr.
17	May responded to Defendants' Request for Admission that he "was also bitten on his left leg, and
18	suffered scrapes and bruises when the police dog attacked and mauled him, forcing him to the
19	ground."  (**Ex. F,** Responses to Requests for Admissions).  Additionally, Plaintiff's police canine
20	expert, Ernest Burwell, identified dog bite injuries to Plaintiff's left leg.  (**Ex. G**, Burwell Dep.,
21	87:15–89:12; 89:21–90:19).
22	Defendants cite the Court's decision to limit medical discovery to Plaintiff's right leg in
23	support of their motion to restrict testimony to only injuries regarding Plaintiff's right leg.
24	However, the discovery issue was not whether Plaintiff was objecting to records regarding his
25	right or left leg, but whether Defendants were entitled to records regarding potential hearing
26	problems, a "preexisting heart condition, circulatory issues, or a *litany of other factors* that might
27	not clearly 'pertain to Plaintiff's right leg.'"  (*See* Doc. 34, p. 4) (emphasis added).  Defendants at
28	
No. 3:16-cv-00252-LB: PLF.'S RSPNS. IN OPPO. TO DEFS.' MIL #2 RE: INJURIES OTHER THAN RIGHT LEG

1

1  that time were attempting to go on a fishing expedition through Plaintiff's private and privileged
2  medical records, based on speculation that Mr. May might have some condition that would make
3  being mauled by a dog particularly more painful for him than the average person.  This Court
4  limited medical discovery to "those about the leg injury".  (*See* Doc. 35, p. 2:7).  Plaintiff has no
5  intention of introducing medical records that address injuries to any part of Mr. May's body other
6  than the right leg.  However, Plaintiff and his expert must be allowed to testify about the injuries
7  he suffered, whether they were treated by a physician or not, as a result of being attacked by
8  Defendants' canine.

9        For these reasons, Defendants' Motion in Limine #2 should be denied.

10 Dated: April 27, 2017                                         HADDAD & SHERWIN LLP

11
12                                                                             */s/ Maya Sorensen*
                                                                              _____
13                                                                             Maya Sorensen
                                                                              Attorneys for Plaintiff

28

No. 3:16-cv-00252-LB: PLF.'S RSPNS. IN OPPO. TO DEFS.' MIL #2 RE: INJURIES OTHER THAN RIGHT LEG

2