1 | JOHN C. BEIERS, COUNTY COUNSEL (SBN 144282)
By: Justin W. Mates, Deputy (SBN 261830)
2 | By: Brian E. Kulich, Deputy (SBN 233296)
By: Margaret V. Tides, Deputy (SBN 311177)
3 | Hall of Justice and Records
400 County Center, 6th Floor
4 | Redwood City, CA  94063
Telephone: (650) 363-4760
5 | Facsimile:  (650) 363-4034
E-mail:  jmates@smcgov.org
6 | E-mail: bkulich@smcgov.org
E-mail: mtides@smcgov.org
7

8 | Attorneys for Defendants
SAN MATEO COUNTY, DEPUTY CHRIS LAUGHLIN,
9 | and DEPUTY ERIC MICHEL

10

11 | UNITED STATES DISTRICT COURT

12 | NORTHERN DISTRICT OF CALIFORNIA

13

| | |
|---|---|
| 14  RICHARD EARL MAY, | Case No. 3:16-cv-00252 LB |
| 15        Plaintiff, | **DEFENDANTS' MOTION IN LIMINE NO. 5 TO EXCLUDE EVIDENCE OF RIGGS' OTHER BITES** |
| 16        vs. | |
| 17  COUNTY OF SAN MATEO, DEPUTY CHRIS LAUGHLIN, ERIC MICHEL, and | **Hearing** |
| 18  DOES 1 through 10, individually, Jointly and Severally, | Date:  May 18, 2017<br>Time:  1:00 p.m. |
| 19  | Dept:  C, 15th Floor |
| 20        Defendants. | **THE HONORABLE LAUREL BEELER** |
| 21  | **TRIAL DATE:** June 5, 2017 |

## NOTICE OF MOTION

**PLEASE TAKE NOTICE** on May 18, 2017 at 1:00 p.m., or as soon thereafter as the matter may be heard, before the Honorable Laurel Beeler, in Courtroom C of the above-captioned court, located at 450 Golden Gate Avenue, 15th Floor, San Francisco, CA, Defendants San Mateo County, Sheriff's Deputy Chris Laughlin, and Sheriff's Deputy Eric Michel ("Defendants") will and hereby do move the court for an order prohibiting Plaintiff from presenting certain evidence at trial, in particular:

*Any documents or testimony regarding San Mateo County Sheriff K9 Riggs' other bites*.

This motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, and any other matters which the Court in its discretion may allow.

## MOTION

Defendants seek an order excluding evidence offered by Plaintiff relating to any unrelated bites by Riggs. Plaintiff intends to introduce evidence of six other bites—three of which occurred *after* the incident at issue. Such evidence is not relevant to the remaining claims and is highly prejudicial. Thus, Plaintiff's introduction of this information would impermissibly confuse and mislead the jury.

### I.     ARGUMENT

Evidence which is not relevant is not admissible at trial. Fed. R. Evid. 402. "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. And even if offered for some remotely relevant reason, "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

The Federal Rules of Evidence generally preclude the use of evidence of crimes or wrongs unrelated to the conduct at issue if that evidence is offered to prove a propensity to behave in a particular manner. *See* Fed. R. Evid. 404(b)(1). If offered for a purpose other than to demonstrate propensity, evidence of acts unrelated to the one at issue may be admissible under Rule 404(b) if the evidence meets the four-part test of *U.S. v. Ayers:*

> (1) there must be a sufficient degree of evidence for the jury to find that the other acts were in fact committed; (2) the other acts evidence may only be introduced to prove a

>       material issue in the case; (3) the other acts must not be too remote in time to the conduct
>       charged; and (4) the other acts must be sufficiently similar to the charged conduct when
>       they are being introduced to show intent.

924 F.2d 1468, 1472-73 (9th Cir. 1991); *see* Fed. R. Evid. 404(b)(2).

First, evidence of other acts is inadmissible to support federal excessive force claims, because it is irrelevant to the material issues. Second, and similarly, other acts are inadmissible as to Plaintiff's negligence, false arrest, and Bane Act claims because their elements are independent of the Deputies' states of mind. Third, while evidence of other acts may sometimes be admissible to prove assault and battery claims, the highly prejudicial nature of the evidence in this case substantially outweighs its limited probative value. Thus, the Court should preclude Plaintiff from offering any evidence of Riggs' prior bites.

**A. Fourth Amendment – Excessive Force**

Intent is not an element of Plaintiff's excessive force claim, thus the second *Ayers* prong precludes the admission of evidence of other acts for that purpose. *Trahan v. City of Oakland*, 960 F.2d 152 (9th Cir. 1992), *amended*, 15 F.3d 1090 (9th Cir. 1993) (unpublished). More broadly, because Plaintiff's federal claim for excessive force requires assessment of Deputy Laughlin's conduct under an *objective* standard, Plaintiff has failed to establish the relevance of evidence tending to shed light on aspects of Deputy Laughlin's mental state to this claim.

Furthermore, the Ninth Circuit has directly addressed the admissibility of prior dog bites in the excessive force context, finding only evidence pertaining to a "particular" incident is admissible to establish a constitutional violation. *Quintanilla v. City of Downey,* 84 F.3d 353, 354 (9th Cir. 1996) (alleged excessive force through deployment of police dog). The plaintiff attempted to offer evidence of unrelated dog bites to establish a constitutional violation. *Id.* at 355. The Ninth Circuit found that plaintiff was "not entitled" to use "evidence of attacks more severe than his own" to establish a constitutional violation. *Id*. at 356. The court reiterated that only evidence "in this **particular** case" and of "the individual officers' use of this **particular** police dog" was admissible to establish a constitutional violation. *Id*. at 356 (emphasis added).

//
//

### B. Negligence, False Arrest and Bane Act

Plaintiff should be precluded from introducing evidence of Riggs' prior bites to support his negligence,[1] false arrest,[2] and Bane Act claims. To be admissible, evidence of other acts "may only be introduced to prove a material issue in the case." *United States v. DeSalvo*, 41 F.3d 505, 509 (9th Cir. 1994). Negligence, false arrest, and Bane Act claims do not require proof of intent—or any other state of mind. Thus, evidence of other acts is inadmissible to support these claims.

### C. Assault and Battery

The Court should preclude Plaintiff from introducing evidence of Riggs' other bites to support his assault and battery claims.[3] First, Plaintiff cannot demonstrate any of Riggs' other bites are sufficiently similar to be admissible. Second, the probative value of Riggs' other bites is severely limited by a lack of information about the details of the other incidents. And, third, the evidence of other bites is severely prejudicial—and belies Plaintiff's intent to introduce it for its "shock" value and to, which is exactly the type of character contamination the Federal Rules are meant to prevent.

///

///

---

[1] The elements of negligence are: (1) a legal duty to use due care; (2) breach of such legal duty; and (3) the breach was a proximate or legal cause of the resulting injury. *Ladd v. County of San Mateo,* 12 Cal.4th 913, 917 (1996); *see* CACI 400 (negligence), 440 (negligence of law enforcement officer related to unreasonable force).

[2] False arrest by a police officer requires the following elements: (1) the officer acted without a warrant; (2) the plaintiff was actually harmed; and (3) the officer's conduct was a substantial factor in causing plaintiff's harm. *See* CACI 1401.

[3] "The elements of a cause of action for assault are: (1) the defendant acted with intent to cause harmful or offensive contact, or threatened to touch the plaintiff in a harmful or offensive manner; (2) the plaintiff reasonably believed he was about to be touched in a harmful or offensive manner or it reasonably appeared to the plaintiff that the defendant was about to carry out the threat; (3) the plaintiff did not consent to the defendant's conduct; (4) the plaintiff was harmed; and (5) the defendant's conduct was a substantial factor in causing the plaintiff's harm." *Carlsen v. Koivumaki*, 227 Cal. App. 4th 879, 890, 174 Cal. Rptr. 3d 339, 351 (2014).

To prove battery, Plaintiff must "show that the Defendant Officers touched her with the intent to cause her harm, that she did not consent to be touched, and that she was harmed by the Defendant Officers' conduct." *See Ashcraft v. King,* 228 Cal.App.3d 604, 611, 278 Cal. Rptr. 900 (1991); CACI 1300.

Evidence of prior acts may be admissible to prove "intent and absence of mistake" for assault and battery. *Trahan v. City of Oakland*, 960 F.2d 152 (9th Cir. 1992), *amended*, 15 F.3d 1090 (9th Cir. 1993). But "similarly is always required to prove identity of intent." *United States v. Arambula-Ruiz*, 987 F.2d 599, 603 (9th Cir. 1993) (citing *United States v. Ramirez–Jiminez*, 967 F.2d 1321, 1326 (9th Cir.1992). Plaintiff has not and cannot demonstrate any of Riggs' other bites are sufficiently similar to be admissible as evidence of intent. The sole source of information for each bite is a brief "bite report" containing sparse details—and even those details indicate significant differences between those incidents and this one.

The evidence of Riggs' other bites is highly prejudicial, consisting primarily of graphic photographs of dog bite wounds: close-up photographs of bleeding body parts. These photographs will not tell the jury anything about the Deputies' intent or motive on January 1, 2015. Arguably, details about prior incidents—such as the nature of the crime under investigation, the physical conditions at the scene, the actions of the suspect, and the Deputies' prior responses could be relevant. But these facts are not depicted by evidence of Riggs' prior bites, which will only serve as an ad hominem (or ad canis, as the case may be) attack on the officers in this case.

By contrast, the probative value of Riggs' other bites is greatly limited by the lack of information surrounding those events. As stated above, more information is needed to determine whether—and how—any prior bite is similar and relevant to the Deputies' intent or motive on January 1, 2015. Weighed against the highly prejudicial nature of the evidence of other bites, any slight probative value does not warrant admission. Therefore, the Court should preclude Plaintiff from offering evidence of Riggs' other bites in support of his assault and battery claims.

///
///
///
///
///
///
///

## II. CONCLUSION

Based on the foregoing, the Court should grant Defendants' Motion in Limine No5 and exclude any evidence, testimony, and/or argument related to Riggs' other bites.

Dated: April 20, 2017                                   JOHN C. BEIERS, COUNTY COUNSEL

By: _____/s/_____
      Justin W. Mates, Deputy
      Brian E. Kulich, Deputy
      Margaret V. Tides, Deputy

Attorneys for Defendants
SAN MATEO COUNTY, DEPUTY CHRIS LAUGHLIN, and DEPUTY ERIC MICHEL