JOHN C. BEIERS, COUNTY COUNSEL (SBN 144282)
By: Justin W. Mates, Deputy (SBN 261830)
By: Brian E. Kulich, Deputy (SBN 233296)
By: Margaret V. Tides, Deputy (SBN 311177)
Hall of Justice and Records
400 County Center, 6th Floor
Redwood City, CA  94063
Telephone: (650) 363-4760
Facsimile:  (650) 363-4034
E-mail:  jmates@smcgov.org
E-mail: bkulich@smcgov.org
E-mail: mtides@smcgov.org

Attorneys for Defendants
SAN MATEO COUNTY, DEPUTY CHRIS LAUGHLIN,
and DEPUTY ERIC MICHEL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD EARL MAY,<br><br>     Plaintiff,<br><br>     vs.<br><br>COUNTY OF SAN MATEO, DEPUTY CHRIS LAUGHLIN, ERIC MICHEL, and DOES 1 through 10, individually, Jointly and Severally,<br><br>     Defendants. | Case No. 3:16-cv-00252 LB<br><br>**DEFENDANTS' MOTION IN LIMINE NO. 6 TO EXCLUDE EVIDENCE RELATED TO PLAINTIFF'S NOW DISMISSED MONELL CLAIM**<br><br>Date:  May 18, 2017<br>Time:  1:00 p.m.<br>Dept:  Courtroom C, 15th Floor<br><br>**THE HONORABLE LAUREL BEELER**<br><br>**TRIAL DATE:** June 5, 2017 |

# NOTICE OF MOTION

**PLEASE TAKE NOTICE** on May 18, 2017, at 1:00 p.m., or as soon thereafter as the matter may be heard, before the Honorable Laurel Beeler, in Courtroom C of the above-captioned court, located at 450 Golden Gate Avenue, 15th Floor, San Francisco, CA, Defendants San Mateo County ("County"), Sheriff's Deputy Chris Laughlin, and Sheriff's Deputy Eric Michel (collectively, "Defendants") will and hereby do move the court for an order prohibiting Plaintiff from presenting certain evidence at trial, in particular:

*Any documents or testimony related to Plaintiff's now-dismissed Monell claim.*

This motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, and any other matters which the Court in its discretion may allow.

# MOTION

Defendants seek an order excluding any evidence relating to the County's liability under *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978), as the Court dismissed Plaintiff's *Monell* claim with prejudice. (*See* Dkt. 78.) Such evidence is not relevant to the remaining claims arising from one law enforcement encounter, and Plaintiff's attempt to introduce such information would impermissibly mislead the jury and/or prejudice Defendants.

## I. INTRODUCTION

Plaintiff's claims arise from a single incident the night of January 1, 2015 (the "Incident"). San Mateo County Sheriff's Deputies responded to a 911 call reporting a commercial burglary in progress. Plaintiff had jumped a fence into a construction site and was seen on security cameras. When Deputies arrived, Plaintiff refused to identify himself, show his hands, or comply with orders. Concerned for safety and that Plaintiff was fleeing, Deputy Laughlin released his canine partner, Riggs, who bit Plaintiff's right leg. Plaintiff received approximately six stiches. Plaintiff's sole remaining federal claim alleges Deputy Laughlin used excessive force by deploying Riggs. Plaintiff's state claims remain against Deputies Laughlin and Michel. The County faces only vicarious liability for the state claims.

//
//
//

## II. ARGUMENT

Evidence which is not relevant is not admissible at trial. Fed. R. Evid. 402. "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. And even if offered for some remotely relevant reason, "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

During discovery, a substantial amount of evidence and testimony was adduced and otherwise referenced by Plaintiff in support of his *Monell* claim as alleged in his First Amended Complaint. This evidence concerns the County's investigation of and response to the Incident, its policies and practices regarding the supervision of the K-9 unit, its policies and practices regarding K-9 apprehensions and bites generally, and records related to deployments and apprehensions other than in connection with the Incident.

With the *Monell* claim dismissed and the County facing only vicarious liability, none of this evidence is relevant to the only remaining claims in this case concerning the direct liability of Deputies Laughlin and Michel. Issues concerning the County's supervision of its K-9 handlers is immaterial to the question of whether Deputies Laughlin and Michel acted lawfully in connection with the Incident. Moreover, the admission of such evidence despite the dismissal of Plaintiff's *Monell* claim would only serve to confuse the jury and potentially permit the consideration of the County's conduct in the determination of individual deputies' liability.

Accordingly, Defendants request that all evidence related to Plaintiff's now-dismissed *Monell* claim be excluded from trial, including specifically:

1. All expert opinions regarding the supervision of, investigation of, or response to the Incident or the sufficiency or adequacy of any Sheriff's Office or County[1] policy or

---

[1] As the San Mateo County Sheriff's Office is not a separate legal entity from the County capable of being sued, for purposes of the instant motion, the two terms have the same meaning and are used interchangeably.

practice, including specifically the following opinions:

    a. Deputy Laughlin's supervisors, including but not limited to Sergeants Loubal and Ramos, failed to reasonably supervise or investigate the Incident or Deputy Laughlin's conduct during or after the Incident (*see, e.g.*, Burwell Expert Report, attached hereto for reference as Exhibit A, at 8, 30, 34-35);

    b. The Sheriff's Office does not follow the standard of care regarding the removal of the dog from the person being bit (*see id.* at 11-14);

    c. The Sheriff's Office has failed to address Riggs' "problem with biting" (*id., see also id.* at 35);

    d. The Sheriff's Office failed to follow its own policies in connection with the Incident (*see, e.g.*, *id.* at 13-14);

    e. The insufficiency of the Sheriff's Office policies or practices regarding documentation of K-9 deployments (*see id.* at 35-36);

    f. The Sheriff's Office has a pattern and practice of lack of supervision of the canine unit, allows the handler to deploy without canine supervisor approval, allows the canine handler to search for nonviolent offenders, and does not operate according to best practices for canine apprehensions (*see id.* at 37);

    g. The Sheriff's Office fails to maintain bite ratios for its K-9s (*see id.* at 41-42);

2. The apprehension report prepared by Sergeant Ramos, use of force report, and any other documentation regarding the County's investigation of and response to the Incident; and

3. The apprehension reports, deployment logs, and any other documentation of K-9 actions other than the deployment of Riggs in connection with the Incident.

///
///
///
///
///
///

## III. CONCLUSION

Based on the foregoing, the Court should grant Defendants' Motion in Limine No. 6 and exclude any evidence, testimony, and/or argument related to Plaintiff's dismissed *Monell* claim.

Dated: April 20, 2017							JOHN C. BEIERS, COUNTY COUNSEL

By: _____/s/_____
    Justin W. Mates, Deputy
    Brian E. Kulich, Deputy
    Margaret V. Tides, Deputy

Attorneys for Defendants
SAN MATEO COUNTY, DEPUTY CHRIS LAUGHLIN, and DEPUTY ERIC MICHEL