MICHAEL J. HADDAD (State Bar No. 189114)
JULIA SHERWIN (State Bar No. 189268)
T. KENNEDY HELM (State Bar No. 282319)
MAYA SORENSEN (State Bar No. 250722)
HADDAD & SHERWIN LLP
505 Seventeenth Street
Oakland, California 94612
Telephone: (510) 452-5500
Fax: (510) 452-5510

Attorneys for Plaintiff
RICHARD EARL MAY, JR.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD EARL MAY, JR., Individually, <br><br> Plaintiff, <br><br> vs. <br><br> SAN MATEO COUNTY, a public entity; SAN MATEO COUNTY SHERIFF'S DEPUTY CHRIS LAUGHLIN; DEPUTY ERIC MICHEL; and DOES 1 through 10, individually, Jointly and Severally, <br><br> Defendants. | No. 3:16-cv-00252-LB <br><br> Hon. Laurel Beeler <br><br> **PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION IN LIMINE # 6 RE: EXCLUDING EVIDENCE RELATED TO *MONELL* CLAIM** <br><br> Trial Date: June 5, 2017 <br> Time: 8:30 a.m. <br> Place: Courtroom C, 15th Floor <br> Final Pretrial Conference: May 18, 2017 <br> 1:00 p.m. |

**INTRODUCTION**

Plaintiff understands that this Court has granted summary judgment of his *Monell* claims. Plaintiff's counsel have no intention of introducing irrelevant evidence for claims that are no longer in the case. However, Defendants request such a broad in-limine order that it would also encompass evidence that is relevant and admissible for other purposes. This Court should deny Defendants' motion, and simply assess the relevance of proffered evidence in context at trial.

In this motion, Defendants seek an expansive order to exclude the following list of evidence, allegedly because it is no longer relevant to any of the claims left in this case now that Plaintiff's *Monell* claim has been dismissed: "All expert opinions regarding the supervision of, investigation of, or response to the Incident or the sufficiency or adequacy of any Sheriff's Office or County policy or practice, including specifically the following **opinions**." (Defs.' MIL #6, 3–4). Defendants assume that this evidence could only be relevant to Plaintiff's now-dismissed *Monell* claim. But evidence of the San Mateo County Sheriff Office's (SMCSO) or County's policies or practices, and whether Defendant followed them or not, is relevant to allow the jury to establish the standard of care for purposes of Mr. May's negligence claim against Defendant Laughlin. Evidence related to *Riggs*' prior bites, including photographs of other bites, is relevant to Plaintiff's Fourth Amendment excessive force claim, and his Bane Act, and assault and battery claims.

**ARGUMENT**

**A.     Testimony and evidence regarding SMCSO is relevant to Plaintiff's negligence claim**

First, Defendants seek to exclude certain of Mr. Burwell's opinions:

   a.     Deputy Laughlin's supervisors, including but not limited to Sergeants Loubal and Ramos, failed to reasonably supervise or investigate the Incident or Deputy Laughlin's conduct during or after the Incident (see, e.g., Burwell Expert Report, attached hereto for reference as Exhibit A, at 8, 30, 34-35).

   b.     The Sheriff's Office does not follow the standard of care regarding the removal of the dog from the person being bit (see id. at 11–14)

   c.     The Sheriff's Office has failed to address Riggs' "problem with biting" (id., see also id. at 35)

d.     The Sheriff's Office failed to follow its own policies in connection with the Incident (see, e.g., id. at 13-14);

e.     The insufficiency of the Sheriff's Office policies or practices regarding documentation of K-9 deployments (see id. at 35-36);

f.     The Sheriff's Office has a pattern and practice of lack of supervision of the canine unit, allows the handler to deploy without canine supervisor approval, allows the canine handler to search for nonviolent offenders, and does not operate according to best practices for canine apprehensions (see id. at 37);

g.     The Sheriff's Office fails to maintain bite ratios for its K-9s (see id. at 41-42).

Opinions (a), (b), (d), and (f), or portions of those broadly stated opinions, all provide the jury with information to formulate the standard of care for what a reasonable canine handler would have done in Defendant Laughlin's situation, and so they are relevant to Plaintiff's negligence claim against Defendant Laughlin.  A negligence claim may be based on a use of excessive force. *Hernandez v. City of Pomona*, 46 Cal. 4th 501, 513–14 (2009).  Under California law, a peace officer may be held liable for negligence because "'a public employee is liable for an injury caused by his act or omission to the same extent as a private person,' except as otherwise specifically provided by statute."  *Lugtu v. California Highway Patrol*, 26 Cal. 4th 703, 715 (2001) (quoting Cal. Gov't Code § 820(a)).  Officers have "a duty 'to perform their official duties in a reasonable manner,'" and "a law enforcement officer has a duty to exercise reasonable care for the safety of those persons whom the officers stops . . ." *Id.* at 717–18 (citing *Whitton v. State of California*, 98 Cal. App. 3d 235, 241 (1979)).  *Lugtu* approved the determination of the standard of care based on the department's training and policy materials, as well as the plaintiff's expert's testimony. *Id.* at 720–24; *see also Dillenbeck v. City of L.A.*, 69 Cal. 2d 472, 480 (1968) (holding, in a negligence case, that a trial court should have admitted a police department's rules as "evidence of the component requirements of due care[;]" "[the] safety rules of an employer are . . . admissible as evidence that due care requires the course of conduct prescribed in the rule."); *Grudt v. City of L.A.*, 2 Cal. 3d 575, 588 (1970) (citing *Dillenbeck*, 69 Cal. 2d at 488) (a police department's manual was relevant to plaintiff's negligence claim, because it "prescribed rules regarding occasions for the limited use of firearms by police officers.").

Whether Defendant Laughlin failed to follow his department's policies helps the jury decide whether he was negligent.  *See Mitchell v. City of Tukwila*, No. C12-238RSL, 2013 U.S. Dist. LEXIS 177816, at *5 (W.D. Wash. Dec. 17, 2013) (denying defendant's motion in limine to exclude evidence of defendant police department's policies, because"[a]lthough Plaintiff's *Monell* claim against the City has been dismissed, Tukwila Police Department policies regarding the use of force and use of a taser are relevant and probative of whether Officer Gurr's conduct was negligent.").

Item (c), that the Sheriff's Office has failed to address *Riggs*' "problem with biting" is relevant to the type and amount of force that the jury must decide *Riggs* constitutes.  At trial, the jury will have to define "the type and amount of force used[.]"  9th Cir. Jury Instruc. 9.25.  A rational jury could conclude that *Riggs* constituted the deadly "type" of force.  As this Court held, "[u]se of a trained police dog may be regarded as 'intermediate force' or deadly force,' depending on the factual circumstances in the case.'"  (*See* Doc. 78, 17:10–12) (quoting *Ledesma v. Kern Cnty.*, No. 1:14-cv-01634-DAD-JLT, 2016 U.S. Dist. LEXIS 156554, at * 28 (E.D. Cal. Nov. 10, 2016)).  Indeed, a trained police dog is classified as intermediate or deadly force because of its *risk* of such harm. *See Scott v. Harris*, 550 U.S. 372, 383 (2007) ("[I]n judging whether [Deputy Laughlin]'s actions were reasonable, we must consider the *risk* of bodily harm that [Laughlin]'s actions posed to respondent in light of the threat to the public that [Laughlin] was trying to eliminate.") (emphasis added); *Glenn v. Washington Cnty.*, 673 F.3d 864, 872 (9th Cir. 2011) (citing *Deorle*, 272 F.3d at 1280) ("In light of this weapon's *dangerous capabilities*, '[s]uch force, though less than deadly, . . . is permissible only when a strong governmental interest compels the employment of such force.").

In addition to seeking to exclude Mr. Burwell's opinions, Defendants also want to exclude the following documentary evidence:

1.    The apprehension report prepared by Sergeant Ramos, use of force report, and any other documentation regarding the County's investigation of and response to the Incident; and

2.    The apprehension reports, deployment logs, and any other documentation of K-9

1    actions other than the deployment of Riggs in connection with the Incident.

2        The documents in (1) relate to the SMCSO's internal review of defendant Laughlin's

3    conduct, allegedly to ensure that it complied with the law, as set forth in their policies and

4    procedures.  Sgt. Ramos' apprehension review and report may indeed be irrelevant; or parts may

5    be relevant for particular issues, for admissions by Defendant Laughlin to Sgt. Ramos, or for

6    impeachment.

7        Further, the use of force report, signed by Defendant Laughlin's sergeant, Sgt. Loubal,

8    states that the reason for the use of force here was simply because Plaintiff was "Non-Compliant."

9    Sgt. Loubal obviously got that information from Defendant Laughlin, and as such, "Non-

10   Compliant" would be a party admission as well.  Such admission is highly relevant where Ninth

11   Circuit law holds that such mere non-compliance with an officer's orders is not "active resistance"

12   justifying severe, injurious force.  *See Nelson v. City of Davis*, 685 F.3d 867, 881 (9th Cir. 2012)

13   ("In prior cases, we have recognized that *a failure to fully or immediately comply with an officer's*

14   *orders neither rises to the level of active resistance nor justifies the application of a non-trivial*

15   *amount of force*.  We have so held even when the extent of the resistance was substantially

     greater[.]" (emphasis added))

16       Accordingly, this evidence falls into the same category as Mr. Burwell's opinions, above;

17   they are relevant to establishing the standard of care for Plaintiff's negligence claim, and should

18   not be excluded.  *Mitchell*, 2013 U.S. Dist. LEXIS 177816, at *5.

19       The documents in (2) encompass all of *Riggs*' prior bites, including the bite photos.  They

20   should not be excluded for the same reason that Mr. Burwell's opinions about *Riggs*' "bite

21   problem" should not be excluded—to assist the jury in determining the type and amount of force

22   that Defendant Laughlin used.

     **CONCLUSION**

23       The *Monell* evidence Defendants seek to exclude is relevant to Plaintiff's Fourth

24   Amendment excessive force claim and to his negligence claim, and so this Court should deny

25   Defendants' motion.

26   Dated: April 27, 2017                                HADDAD & SHERWIN LLP

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*/s/ T. Kennedy Helm*

T. KENNEDY HELM
Attorneys for Plaintiff