MICHAEL J. HADDAD (State Bar No. 189114)
JULIA SHERWIN (State Bar No. 189268)
T. KENNEDY HELM (State Bar No. 282319)
MAYA SORENSEN (State Bar No. 250722)
HADDAD & SHERWIN LLP
505 Seventeenth Street
Oakland, California  94612
Telephone: (510) 452-5500
Fax: (510) 452-5510

Attorneys for Plaintiff
RICHARD EARL MAY, JR.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD EARL MAY, JR., Individually, <br><br> Plaintiff, <br><br> vs. <br><br> SAN MATEO COUNTY, a public entity; SAN MATEO COUNTY SHERIFF'S DEPUTY CHRIS LAUGHLIN; DEPUTY ERIC MICHEL; and DOES 1 through 10, individually, Jointly and Severally, <br><br> Defendants. | No. 3:16-cv-00252-LB <br><br> Hon. Laurel Beeler <br><br> **JOINT PROPOSED PRETRIAL ORDER** <br><br> Trial Date: June 5, 2017 <br> Time: 8:30 a.m. <br> Place: Courtroom C, 15th Floor <br> Final Pretrial Conference: May 18, 2017 <br> 1:00 p.m. |

(a)     **Description of Claims or Defenses**

<u>Plaintiff's Claims</u>

1.  Violation of Fourth Amendment, excessive force, against Defendant Laughlin;

2.  Violation of California Civil Code § 52.1 – Interference by Threat, Intimidation or Coercion with the Exercise of an Individual's Rights, against Defendants Laughlin and County;

3.  Negligence, against Defendants Laughlin and County;

4.  Assault and Battery, against Defendants Laughlin and County;

5.  False Arrest and Imprisonment, against Defendants Laughlin and County.

<u>Defendants' Defenses</u>

1.  Defendant Laughlin's deployment and use of his K-9 *Riggs* was objectively reasonable under the circumstances and, therefore, did not violate the Fourth Amendment, violate Civil Code § 52.1, or constitute state-law negligence or assault and battery;

2.  There was no act of coercion independent of any coercion inherent in the alleged excessive force and, therefore, Defendants cannot be liable under Civil Code § 52.1;

3.  Defendant Laughlin had probable cause to arrest Plaintiff and, therefore, Defendants cannot be liable for state-law false arrest;

4.  Plaintiff was comparatively negligent and/or by his own acts contributed to the creation of a dangerous situation;

5.  Plaintiff failed to properly mitigate any alleged damages he suffered as a result of the incident;

6.  Defendant Laughlin is immune from liability for Plaintiff's § 1983 claim under qualified immunity; and

No. 3:16-cv-00252-LB: JOINT PROPOSED PRETRIAL ORDER

7.   There is no basis for an award of punitive damages against Defendant Laughlin.

**(b)**      **Relief Sought**

Plaintiff seeks damages for the following injuries, in an amount according to proof and which is fair, just, and reasonable:

1.   Physical and emotional pain and suffering, including physically and emotionally traumatic wrongful seizure and battery, Painful bite wounds, loss of enjoyment of life;

2.   Up to three times actual damages under Cal. Civ. Code § 52.1;

3.   Punitive damages against Defendant Laughlin.

Plaintiff also seeks attorneys' fees and costs allowable under federal law on his 42 U.S.C. §§ 1983 and 1988 claims, under Cal. Civ. Code § 52.1, and Cal. Code of Civil Procedure § 1021.5, including a required enhancement of attorneys' fees under state law.  *See Horsford v. Bd. of Trustees*, 132 Cal. App. 4th, 359, 394–95 (2005); *Bender v. Cnty. of L.A.*, 217 Cal. App. 4th. 968, 988 (2013).

**(c)**      **Stipulated and Undisputed Facts**

1.      At all times, Defendant Laughlin acted under color of law.

2.      Sharon Coster called the security company number posted on the fence surrounding the construction site, and the call went to a medical supply company in Ohio.

3.      Defendant Laughlin had no information about any prior crimes at the construction site.

4.      Defendant Laughlin arrested Plaintiff at the construction site for commercial burglary.

5.      Defendant Laughlin cited Plaintiff for violating Cal. Penal Code §§ 602 (m) and 148 (a).

No. 3:16-cv-00252-LB: JOINT PROPOSED PRETRIAL ORDER

6.      Defendant Laughlin had probable cause to arrest Plaintiff for misdemeanor trespass (based on the Summary Judgment Order).

7.      The San Mateo County District Attorney declined to file any criminal charges against Mr. May (subject to Defendants' Motion in Limine No. 3).

8.      Defendant Laughlin was not disciplined as a result of this incident (subject to Defendants' Motion in Limine No. 6).

9.      Defendant Laughlin was not charged with any crimes as a result of this incident.

**(d)      Disputed Fact Issues**

1.   Whether Defendant Laughlin had probable cause to arrest Plaintiff for the specific intent crime, commercial burglary, Cal. Penal Code §§ 459, 460 (pending court's ruling on motion for reconsideration).

2.   Whether Defendant Laughlin had probable cause to arrest Plaintiff for any crime. (pursuant to state law false arrest claim).  *Plaintiff's claimed issue; Defendants assert that this issue has been resolved by the Court's Summary Judgment Order.*

3.   Whether Defendant Laughlin's continued custodial arrest of Plaintiff after learning that he knew or should have known that Plaintiff was only rescuing a cat, and Laughlin's subsequent citation of Plaintiff for violating Cal. Penal Code §§ 602(m) and 148(a), constitute false arrest and imprisonment under state law.  *Plaintiff's claimed issue; Defendants assert that this issue has been resolved by the Court's Summary Judgment Order.*

4.   The type and amount of force represented by the deployment of police canine *Riggs* to bite and apprehend Plaintiff.

5.   Whether Defendant Laughlin gave reasonable, appropriate and audible canine announcements/warnings before ordering police canine *Riggs* to bite and apprehend Plaintiff.

6.   Whether Plaintiff heard and failed to comply with canine announcements/warnings given by Defendant Laughlin.

7.   The severity of any crime for which Defendant Laughlin had probable cause to arrest Plaintiff at the time Laughlin decided to deploy police canine *Riggs* to bite and apprehend Plaintiff.  *Plaintiff's claimed issue; Defendants object (pending Court's decision on Plaintiff's Motion for Reconsideration).*

8.   Whether Plaintiff posed an immediate threat at the time Defendant Laughlin decided to deploy police canine *Riggs* to bite and apprehend Plaintiff.

9.   Whether Plaintiff actively resisted arrest or attempted to flee from arrest at the time Laughlin decided to deploy police canine *Riggs* to bite and apprehend Plaintiff.

10.  Whether Defendant Laughlin had alternatives to deploying police canine *Riggs* to bite and apprehend Plaintiff.  *Plaintiff's claimed issue; Defendants object.*

11.  Other factors relevant to the use of force as set forth in the jury instructions.

12.  Whether Defendant Laughlin's use of the police canine *Riggs* to bite and apprehend Plaintiff was objectively unreasonable under the circumstances.  *Defendants contend that this disputed fact is covered by Disputed Facts Nos. 4-11, 13-14.*

13.  Whether Defendant Laughlin ordered or permitted *Riggs* to continue biting Plaintiff for an excessive amount of time.

14.  Whether Plaintiff illegally, actively resisted arrest while being bitten by *Riggs*.  *Plaintiff's claimed issue; Defendants object.*

15. Whether Plaintiff, by his own acts, contributed to the creation of a dangerous situation. *Defendants' claimed issue; Plaintiff objects.*

16. Whether Defendant Laughlin violated Plaintiff's rights by threat, intimidation, or coercion.

17. Whether any threat, intimidation, or coercion by Defendant Laughlin was independent of the alleged excessive force. *Defendants' claimed issue; Plaintiff objects.*

18. The generally accepted law enforcement training and standards that applied to the present situation.

19. Whether Defendant Laughlin's conduct and tactics violated generally accepted law enforcement training, standards, and policies, including his use of the police canine *Riggs* to bite and apprehend Plaintiff, such that he acted negligently and caused Plaintiff damages.

20. Whether Plaintiff was comparatively negligent and such comparative negligence caused Plaintiff damages.

21. The nature and extent of Plaintiff's injuries and damages.

22. Whether Plaintiff properly mitigated any damages he suffered.

23. Whether Defendant Laughlin acted with reckless disregard for Plaintiff's rights and safety or with malice or oppression.

24. The amount of punitive damages, if any, that should be issued against Defendant Laughlin.

**(e) Disputed Legal Issues (for Resolution by Court)**

1. Whether Defendants Laughlin and County are liable for false arrest and imprisonment under California law.

2. Whether Defendant Laughlin is entitled to qualified immunity for any violation of Plaintiff's federal constitutional rights.

**(f)      Parties' Stipulations**

Plaintiff's requested stipulations:

1.      At all material times, Defendant Laughlin acted under color of law.  *Defendants so stipulate.*

2.      At all material times, Defendant Laughlin acted within the course and scope of his employment with San Mateo County.  *Defendants do not so stipulate.*

3.      The parties will meet and confer about a stipulation that certain pages of Plaintiff's medical records are authentic and business records (all other objections to admissibility are preserved).  *Defendants request that this stipulation apply to all medical records produced by Plaintiff (Bates PLF 000001-000028, 000040-000049) and records produced pursuant to subpoena by Half Moon Bay Family Medical Center (000001-000034) and San Mateo Medical Center (000002-000010).  Plaintiff so stipulates, except as to Bates PLF. 000016, 000021–000028, and 000040–000049.*

4.      Upon reasonable notice, Defendants agree to produce at trial the following current and former SMSO officers, without the need for subpoena:

     a.   Defendant Laughlin;
     b.   Deputy Michel;
     c.   Sergeant Gary Ramos;
     d.   Deputy Sanchez

e.  Deputy DeMartini
f.  Deputy King
g.  Sergeant Loubal
h.  Deputy Zeugin
i.  Lieutenant Duri

*Defendants agree to produce all current San Mateo County Sheriff Office employees without the need for subpoena.   Sergeant Gary Ramos is no longer employed by the County of San Mateo; Defendants will attempt to contact Sergeant Ramos regarding his attendance at trial without the need for subpoena.  Defendants expressly reserve all objections to the testimony from said witnesses, including objections based on admissibility, relevance, etc.*

Defendants' requested stipulations:

The parties will meet and confer about a stipulation that the following records are authentic and business records:  (1) Jatagan Security Inc. records (CSM_MAY_00010-00011), including the two alarms triggered the night of the incident;  Plaintiff does not agree (hearsay; and dated post-incident); (2) the CAD and dispatch audio recordings for the incident;  Plaintiff so stipulates; and (3) recordings of the post-*Miranda*/"post bite" interview of Plaintiff conducted by Deputy Laughlin and Deputy Michel.  Plaintiff does not agree (per Plaintiff's MIL No. 3 re: post-bite interrogations and MIL No. 4 re: drug use).


**(g)    Parties' estimates of total trial time**

Plaintiff estimates that trial of this case from voir dire through closing arguments (not including jury deliberations) will require 7-8 court days.  Defendants agree with the estimate of five (5) court days set out in the Court's Pre-Trial Order.

Plaintiff's Estimate:

While Plaintiff is cognizant of the limits on the Court's time, Plaintiff anticipates he will require 19 hours of witness examination to try this case.  That time does not include Defendants' witness examinations, voir dire, opening statements, closing arguments, or deliberations Plaintiff's time estimates broken down by each witness to tenths of an hour are included in Plaintiff's witness list attached hereto.  Due process requires that Plaintiff, who bears the burden of proof, be allowed sufficient time to prove his claims and overcome Defendants' objections and defenses, given that Defendants oppose nearly every aspect of Plaintiffs' liability and damages claims.  The Court's trial time estimate in the initial case management order was before this Court, or the parties, were fully aware of the witnesses necessary to be called at trial.

**(h)      Status of Settlement Negotiations**

The parties participated in an unsuccessful settlement conference before Magistrate Judge Donna Ryu on October 7, 2016, and follow-up settlement discussions with Judge Ryu in January, 2017.  The parties have also participated in informal discussions regarding settlement, including exchange of settlement offers, but have not been able to reach a compromise.

**(i)      Other Matters for the Court to Address**

On February 9, 2017, the Court ordered that it would "address the discoverability of evidence at the pretrial conference.  Plaintiff preserved his right to raise the issue by bringing the letter brief, but because it potentially implicates work product (and more the point, apparently does not exist) it is premature to address the issue now.  The court will not order the financial discovery until after the summary judgment hearing."  (Doc. 58.)  Plaintiff requests that the Court order Defendants to turn

No. 3:16-cv-00252-LB: JOINT PROPOSED PRETRIAL ORDER

1  over any impeachment evidence they intend to use against Plaintiff or any witness as well as

2  Defendant Laughlin's financial records, as Plaintiff duly requested in discovery.

3          Defendants reiterate their objections to the production of these records.  (*See* Joint Letter

4  Brief, Doc. 57.)

5

6  DATED:  April 28, 2017                HADDAD & SHERWIN

7
                                         By:    **/s/***Michael J. Haddad*
8                                               MICHAEL J. HADDAD
                                                Attorneys for Plaintiff
9                                               RICHARD MAY

10

11 DATED:  April 28, 2017                JOHN C. BEIERS, COUNTY COUNSEL

12
                                         By:  _____/s/_____
13                                              Justin W. Mates, Deputy
                                                Brian E. Kulich, Deputy
14                                              Margaret V. Tides, Deputy
                                                Attorneys for Defendants
15                                              SAN MATEO COUNTY and DEPUTY
                                                CHRIS LAUGHLIN
16

17

18 IT IS SO ORDERED.

19

20 Dated:                                _____

21                                              Hon. Laurel Beeler
                                                UNITED STATES MAGISTRATE JUDGE
22

23

24

25

26

27

28
   No. 3:16-cv-00252-LB: JOINT PROPOSED PRETRIAL ORDER