UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| RICHARD EARL MAY,<br><br>　Plaintiff,<br><br>v.<br><br>SAN MATEO COUNTY, et al.,<br><br>　Defendants. | Case No. 16-cv-00252-LB<br><br>**RECONSIDERATION:<br>ORDER VACATING SUMMARY<br>JUDGMENT**<br><br>[Re: ECF No. 79] |

**ORDER**

**1.**

The court previously partly granted the parties' crossing motions for summary judgment.[1] Among other things, the court granted the defendants summary judgment and held that defendant Chris Laughlin had probable cause to arrest plaintiff Richard Earl May for commercial burglary or criminal trespass.[2] The court thus dismissed the plaintiff's false-arrest claim with prejudice.[3]

---

[1] ECF No. 78. Record citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] *Id.* at 8. The court intended this "or" conjunctively; it meant to hold that Deputy Laughlin had cause to arrest for commercial burglary *and* that he had cause to arrest for criminal trespass.

[3] *Id.* at 26.

ORDER — No. 16-cv-00252-LB

2.

The plaintiff asks the court to reconsider that decision. Moving under procedural Rule 59(e), the plaintiff asks the court to hold, as a matter of law, that Deputy Laughlin lacked probable cause to arrest Mr. May for the crime of commercial burglary.[4] Alternatively, the plaintiff asks the court to deny the defendants summary judgment; in other words, to find that there is a jury question on the point.

The plaintiff argues, in sum, that the court failed to adequately consider whether Deputy Laughlin had probable cause to believe that Mr. May specifically intended to commit a felony. As an extension of this, the plaintiff argues that no facts show that Mr. May had this intent when he entered a structure on the property (partly because, according to the plaintiff, no facts show that he or anyone else did enter a structure). By failing to sufficiently consider specific intent, the plaintiff argues, the court ignored the mandate of *Gasho v. United States*, 39 F.3d 1420 (9th Cir. 1994). That case sets out the following probable-cause rule:

> [W]hen specific intent is a required element of the offense, the arresting officer must have probable cause for that element in order to reasonably believe that a crime has occurred. When specific intent is an element of the alleged offense, "[p]art of the probable cause analysis must be whether the officers could believe that [the person arrested] had the necessary intent."

*Id.* at 1428–29 (quoting *Kennedy v. Los Angeles Police Dep't*, 901 F.2d 702, 705 (9th Cir. 1989)).

The plaintiff's request is important. The "severity of the crime" for which Mr. May was arrested matters in assessing whether the force used against him was appropriate. *See Graham v. Connor*, 490 U.S. 386, 396 (1989). In this case, the nature of the crime will inform whether it was appropriate to set a police dog on Mr. May. So, as the plaintiff rightly says, it is important to be precisely correct about what crime Deputy Laughlin did and did not have probable cause to arrest Mr. May for. More exactly, it is important to decide whether Deputy Laughlin had probable cause to arrest Mr. May for the "wobbler" felony of commercial burglary.

---

[4] ECF No. 78. The court earlier granted the plaintiff leave to move for reconsideration. (ECF No. 81.)

### 3.

The court grants the plaintiffs' motion. It reverses its earlier decision, and now holds that the record does not permit summary judgment on whether Deputy Laughlin had probable cause to arrest Mr. May for commercial burglary. That issue will be left for the jury. The court will thus vacate its earlier decision in the defendants' favor on this issue. It reaches this decision for reasons slightly different from those that the plaintiff now advances. (Though which may be more in line with arguments that the plaintiff made earlier.)

### 4.

The court does not change its specific-intent assessment under *Gasho*. The court still thinks that Deputy Laughlin could reasonably conclude that Mr. May was there with the intent to steal. (Though of course that proved to be untrue.) For clarity going forward, it might be useful to say that the court does not subscribe to the plaintiff's fuller application of *Gasho*. The court tends to read *Gasho* as the defendants do. *See* (ECF No. 107 at 4–8.) Additional things could be said about *Gasho* and its role here, but they are not necessary to resolving the plaintiff's reconsideration motion.

### 5.

The court holds that the record does not allow summary judgment in either party's favor on the issue of whether Mr. May, or his associate, entered a structure on the property. And this requires the court to reverse its earlier decision in the defendants' favor on the commercial-burglary point. Entry into a structure is an element of burglary. Cal. Penal Code § 459. Even after the parties' briefs and oral argument — and after reviewing the parties' earlier submissions once again in connection with this motion — it was impossible to say as a matter of law whether Mr. May or his associate had entered a structure. More exactly, it remained unclear whether Deputy Laughlin had been told that someone had entered a structure. A message on the computer-dispatch monitor in Deputy Laughlin's car had said that one of the two people who were on the property was "inside

[a] structure."[5] But it was unclear whether Deputy Laughlin had seen this information before he left his car and went onto the property. There is, in sum, a jury question on whether Deputy Laughlin had probable cause to arrest Mr. May for commercial burglary.

Two final, related notes. The court disagrees with the plaintiff's view of *People v. Montoya*, 7 Cal.4th 1027 (1994), and the intersection of probable cause and aiding-and-abetting liability. Further in this vein, arresting Mr. May for burglary if it was an associate, rather than he, who had entered a structure (if anyone did) with the requisite intent to commit a felony, would not run afoul of the mandate that probable cause be "particularized to the person." *See Ybarra v. Illinois*, 444 U.S. 85, 91 (1979). On both points the court basically agrees with the defendants' analysis.

## CONCLUSION

The court thus vacates its earlier partial summary judgment in the defendants' favor holding that Deputy Laughlin had probable cause to arrest Mr. May for commercial burglary. The court's previous order — that Deputy Laughlin has qualified immunity from the false-arrest claim — stands.

**IT IS SO ORDERED.**

Dated: May 9, 2017

LAUREL BEELER
United States Magistrate Judge

---

[5] *See* ECF No. 65 at 7–8.