JOHN C. BEIERS, COUNTY COUNSEL (SBN 144282)
By: Justin W. Mates, Deputy (SBN 261830)
By: Brian E. Kulich, Deputy (SBN 233296)
By: Margaret V. Tides, Deputy (SBN 311177)
Hall of Justice and Records
400 County Center, 6th Floor
Redwood City, CA  94063
Telephone: (650) 363-4760
Facsimile:  (650) 363-4034
E-mail:  jmates@smcgov.org
E-mail: bkulich@smcgov.org
E-mail: mtides@smcgov.org

Attorneys for Defendants
SAN MATEO COUNTY and DEPUTY CHRIS LAUGHLIN,

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD EARL MAY,<br><br>            Plaintiff,<br><br>      vs.<br><br>SAN MATEO COUNTY, a public entity, DEPUTY CHRIS LAUGHLIN, DEPUTY ERIC MICHEL, and DOES 1 through 10, individually, Jointly and Severally,<br><br>            Defendants. | Case No. 3:16-cv-00252 LB<br><br>**DEFENDANTS' SUPPLEMENT TO TRIAL BRIEF**<br><br>**Pretrial Conference**<br><br>Date:       May 18, 2017<br>Time:      1:00 p.m.<br>Dept:       C, 15th Floor<br><br>**THE HONORABLE LAUREL BEELER**<br><br>**TRIAL DATE: JUNE 5, 2017** |

## I. **INTRODUCTION**

On May 9, 2017, the Court entered the Order Vacating Summary Judgment (the "Reconsideration Order"). (ECF No. 116.) The Court confirmed that, under *Gasho v. United States*, 39 F.3d 1420 (9th Cir. 1994), "Deputy Laughlin could reasonably conclude that Mr. May was there with the intent to steal." (*Id*. at 3:10-12). However, the Court ultimately concluded "that the record does not allow summary judgment in either party's favor on the issue of whether Mr. May, or his associate, entered a structure on the property. And this requires the court to reverse its earlier decision in the defendants' favor on the commercial-burglary point." (*Id*. at 3:19-21.) The Reconsideration Order does not affect the Court's Summary Judgment Order dismissing Plaintiff's federal claim for false arrest with prejudice because Deputy Laughlin still had probable cause to arrest Plaintiff for criminal trespass and because he was entitled to qualified immunity. (*Id*. at 1:20-22, n.2, 4:13-15.)

However, citing *Graham v. Connor*, 490 U.S. 386, 396 (1989), the Court also explained that "[t]he 'severity of the crime' for which Mr. May was arrested matters in assessing whether the force used against him was appropriate." (ECF No. 116 at 2:18-20).[1] In response, Plaintiff now plans to submit a jury instruction which provides, in relevant part, as follows:

> Defendant Laughlin claims that he was arresting Plaintiff for Commercial Burglary. Therefore, you may also choose to consider whether or not there was a lawful basis to arrest Plaintiff for Commercial Burglary.
>
> A lawful arrest for Commercial Burglary would require Defendant Laughlin to have probable cause to believe all of the following at the time he apprehended Plaintiff:
>
> 1. that Plaintiff entered a building on the construction site; and
>
> 2. that when he entered a building on the construction site, Plaintiff intended to commit theft.
>
> "Probable cause" exists when, under all of the circumstances known to the officer[s] at the time, an objectively reasonable police officer would conclude there is a fair probability that the plaintiff has committed or was committing a crime.

---

[1] Plaintiff raised this same argument in his Motion for Reconsideration. (ECF No. 79 at 7:3-9.) Defendants did not address the argument in their Opposition to Plaintiff's Motion for Reconsideration, however, because the Court specifically instructed the parties that the sole issue for reconsideration was whether the Court properly applied *Gasho* in concluding that "the evidence gave Deputy Laughlin probable cause to think that Mr. May intended to steal. (Or, more broadly but perhaps more exactly put, that he intended to commit a felony.)" (ECF No. 81 at 2:3-5.)

(Pl.'s Special Instruction No. 3.1 Re: Court Rulings on Probable Cause and Consideration of "Nature of Crime" for Excessive Force Analysis.)  Plaintiff misconstrues *Graham*, which, for the purposes of the excessive force analysis, does not require proof of probable cause to arrest.

## II. ARGUMENT

The relevant inquiry under *Graham* is not whether Deputy Laughlin had probable cause or reasonable suspicion to arrest Plaintiff.  It is "the severity crime *at issue*."  *Graham v. Connor*, 490 U.S. at 396 (emphasis added).  The Ninth Circuit has made clear that, "[a]lthough an excessive force claim is subject to a 'reasonableness' standard under the Fourth Amendment as is a false arrest claim, the two claims require different inquiries" and, accordingly, "establishing lack of probable cause to make an arrest does not establish an excessive force claim, and vice-versa."  *Beier v. City of Lewiston*, 354 F.3d 1058, 1064 (9th Cir. 2004) (citing *Arpin v. Santa Clara Valley Transp. Agency*, 264 F.3d 912, 921-22 (9th Cir. 2001); *see also Mattos v. Agarano*, 661 F.3d 433, 443, n.4 (9th Cir 2011) (unnecessary to decide whether officers had probable cause to effect a custodial arrest because the answer does not affect excessive force claim).  The Eighth Circuit has similarly held that "the 'severity of the crime' does not necessarily encompass whether there was actual probable cause to arrest the defendant for the alleged crime.  The touchstone of *Graham* is objective reasonableness, and the force used to effect a good faith, though false, arrest is not necessarily more likely to be unreasonable than a good faith, through legal, arrest."  *Habiger v. City of Fargo*, 80 F.3d 289, 298 (8th Cir. 1996).[2]  Thus, for example, the Ninth Circuit has identified the crime "at issue" for the purposes of excessive force as the crime being *investigated* by an officer.  *See, e.g.*, *Meredith v. Erath*, 342 F.2d 1057, 1061 (9th Cir. 2003).

It is undisputed that the crime "at issue" in this case was commercial burglary, the crime Deputy Laughlin was investigating and the crime for which he arrested Plaintiff.  While the existence of actual probable cause mattered for the purposes of Plaintiff's false arrest claim, it does not affect the excessive force analysis.  The arrest was lawful.  Thus, while the jury will still consider *the facts* known to Deputy Laughlin at the time of the arrest for the alleged commercial burglary, the jury should not be asked to

---

[2] It should be noted that Justice White, who wrote the opinion in *Tennessee v. Garner*, 471 U.S. 1 (1985), and joined with the majority in *Graham*, sat on the 8th Circuit for this opinion.  80 F.3d at 291.

determine whether there existed actual/full-fledged probable cause to arrest Plaintiff for commercial burglary.

Plaintiff will likely cite *Velasquez v. City of Long Beach*, 793 F.3d 1010 (9th Cir. 2015). There, however, the district court erroneously granted judgment under Rule 50(a) on the plaintiff's false arrest claim, which "effectively required the jury to presume the arrest *was* constitutionally lawful, and so not to consider facts concerning the basis for the arrest." Here, by contrast, the arrest was constitutionally lawful. Moreover, *Velasquez* does not stand for the proposition that the crime "at issue" under *Graham* requires probable cause. To the contrary, *Velasquez* actually held "[i]n sum, we conclude that, under *Graham*, an excessive force analysis takes into account, among other considerations, the facts known to the police officer at the time of the arrest with respect to the ***alleged offense that triggered the arrest***." *Id.* at 1026 (emphasis added). The jury will still get to consider the facts known to Deputy Laughlin with respect to the alleged offense that triggered the arrest, commercial burglary, the crime "at issue" for the purposes of the excessive force analysis.

Plaintiff has also argued that Ninth Circuit Model Civil Jury Instruction 9.25 includes "probable cause" as a factor for the jury to consider. That factor, however, is used only in the context of deadly force, which the Supreme Court has held constitutes excessive force "unless it is necessary to prevent escape and the officer has probable cause to believe that the suspect poses a significant threat of death or serious physical injury to the officer or others." *Smith v. Hemet*, 394 F.3d 689, 704 (9th Cir. 2005) (citing *Tennessee v. Garner*, *supra*); *see also Wilkinson v. Torres*, 610 F.3d 546, 550 (9th Cir. 2010) (deadly force to prevent escape not unreasonable "[w]here the officer has probable cause to believe that the suspect poses a threat of serious physical harm, either to the officer or to others"). Ours is not a case of deadly force. And even if it were, the question of "probable cause" in such cases focuses on the threat of death or serious physical injury posed to officers or others, not on the underlying crime itself.

Finally, the Court's qualified immunity analysis was unaffected by the Reconsideration Order, which means that, as a matter of law, a reasonable officer in Deputy Laughlin's shoes could have reasonably believed there was probable cause to arrest Plaintiff for both criminal trespass ***and*** commercial burglary. The Court also expressly found, as a matter of law, "that Deputy Laughlin could reasonably conclude that Mr. May was there with the intent to steal." (ECF No. 116 at 3:10-11.) Thus, if

the Court were to allow the jury to determine whether Deputy Laughlin had probable cause to arrest Plaintiff for commercial burglary in the context of defining the crime "at issue" for the excessive force analysis, the jury would need to be instructed regarding the above findings by the Court.

Dated:  May 15, 2017                                   Respectfully submitted,

                                                       JOHN C. BEIERS, COUNTY COUNSEL


                                                       By: _____/s/_____
                                                             Justin W. Mates, Deputy
                                                             Brian E. Kulich, Deputy
                                                             Maggie V. Tides, Deputy

                                                       Attorneys for Defendants
                                                       SAN MATEO COUNTY and DEPUTY CHRIS LAUGHLIN